## Brooks vs. Perry.

Where the verdict of a jury is found upon conflicting evidence, this court will not review it.

A principal is responsible for the acts of his agent within the scope of his authority.

A party will not be heard to complain of instructions that are not prejudicial to him.

The course and extent of the argument before the jury is within the discretion of the Circuit Court (20 *Ark.* 624), and this court will not control it where it does not appear that the interference of the court was prejudicial to the party.

*Appeal from Dallas Circuit Court.*

Hon. John C. Murray, Circuit Judge.

Gallagher, for appellant.

Flanagin, for appellee.

Mr. Justice Fairchild delivered the opinion of the court.

This suit was an effort to make Mrs. Perry liable for goods bought by Exum, as her agent.

Upon the fact of the agency, or rather upon the purchase of the goods being for Mrs. Perry, the evidence was conflicting, and upon that branch of the case, the verdict of the jury, not being subject to review, is conclusive against the recovery of appellant, the plaintiff below, of more than was awarded to him in the Circuit Court.

The court upon the motion of the plaintiff, instructed the jury, that if Exum was the agent of Mrs. Perry and acting within the scope of his agency exceeded or violated her instructions, she would still be liable for his acts, but with the modifi-

cation, that if the plaintiff knew of the agent's disregard of his authority, Mrs. Perry would not be liable beyond her instructions; and to this no objection was made. But afterwards the court explained the instruction to the effect, that the excess of the authority of the agent must refer to the articles which the agent was not authorized to purchase; and not to the purchase of an article which he was authorized to buy, though in a greater quantity than he was instructed: Or, to use the illustration of the court, if the agent was authorized to buy one hundred pounds of coffee, and bought five hundred, Mrs. Perry would be bound by the act of the agent; but would not be bound if the agent should, without authority, buy saw mills upon the credit of Mrs. Perry. In this explanation, no error was committed by the court of which the plaintiff could complain.

The appellant also alleges against the judgment, that his counsel was interrupted in his argument to the jury. Unless the interference of the court were shown to be without cause, and prejudicial to the party complaining, we should, of course, leave the Circuit Court to exercise its own authority and discretion in controlling the course and extent of the argument to the jury. *Dobbins vs. Oswalt*, 20 *Ark.* 624. But in this case the record shows that the court did not interfere as complained of, till an hour had been consumed in the concluding argument of the plaintiff's counsel, and that the interference was to prevent the too frequent repetition of the argument. The time to be occupied by the argument of a case is within the control of the court, subject, like any abuse of its discretion, to review; but nothing in this case appears whence we ought to infer that the counsel was not indulged with all the time needful to present the plaintiff's case fully and fairly before the jury.

All of the causes for a new trial being disposed of against the appellant, the judgment must be affirmed.