HLASS v. FULFORD.

Opinion delivered February 10, 1906.

77    603
f90   138

1. WITNESS—PRESENCE IN COURT—DISCRETION.—Where it does not affirmatively appear that the trial court abused its discretion in allowing a witness to be present in the court room during the progress of the trial, it will be presumed that he was for good cause allowed to remain. (Page 605.)

2. PLEADING AND EVIDENCE—VARIANCE.—Where plaintiff's complaint alleged that he entered into a contract with defendant, and the contract as offered in evidence was signed by plaintiff and defendant and a third person, but the latter did not agree to anything, there was no variance. (Page 605.)

3. TRIAL—ORAL INSTRUCTIONS—PREJUDICE.—The giving of oral instructions was not prejudicial if they were substantially covered by instructions in writing. (Page 606.)

Appeal from Pope Circuit Court; ROBERT B. WILSON, Special Judge; reversed.

R. W. Holland and Sellers & Sellers, for appellant.

1. Plaintiff will not be permitted to sue on one contract, and prove and recover on another and different one. 1 Estee's Pldg. § 205; 45 Cal. 514; 56 Cal. 262; 35 Mich. 274; 36 Miss. 458; 41 Miss. 256.

2. The court erred in refusing to reduce instructions to writing. Art. 7, § 23, Const.; 47 Ark. 407; 51 Ark. 177; 71 Ark. 367; 81 S. W. 382.

4. Plaintiff's measure of damages was the worth of his labor up to time of breach. 30 Ark. 280.

J. T. Bullock, for appellee.

BATTLE, J. G. W. Fulford filed a complaint and brought an action before a justice of the peace against Joe Hlass, and alleged that he entered into a contract with the defendant on the 22d day of March, 1902, and agreed to cultivate thirty-six acres of defendant's land, and to plant twenty acres thereof in cotton and the remainder in corn, and that defendant should have one-half of the cotton and corn when raised and gathered, the cotton to be delivered at the gin, and the corn at defendant's crib; and that defendant agreed to furnish plaintiff team and tools needed to cultivate the land and one hand to assist in gathering the corn,

and to furnish supplies. Plaintiff alleged that the defendant complied with his agreement until the crops were partly made, when he refused to furnish the team or supplies, to plaintiff's damage in the sum of $225.

Defendant answered and admitted the contract, but denied that he had failed to comply with it, and alleged that plaintiff had violated it; and pleaded a counterclaim and set-off.

The plaintiff recovered a judgment, and the defendant appealed to the circuit court.

In the trial in the circuit court the witnesses, on motion of the defendant, were excluded from the court room during the progress of the trial, except James Fulford, who was, on motion of plaintiff, allowed to remain in the court room. The record does not show that there was or was not any reason for excepting him. To the action of the court the defendant excepted.

The plaintiff offered to read as evidence, in the trial, the following contract:

"Russellville, Ark., March 22, 1902.

"This agreement, made and entered into by and between J. Hlass and G. W. Fulford, witnesseth that the said Hlass has rented to the said Fulford his farm of 36 acres on Norristown Mountain in Pope County, Arkansas, for the year 1902, 20 acres, to be cultivated in cotton and the remainder in corn, all to be cultivated in a husbandlike manner by the said Fulford; and the said Fulford agrees to pay one-half of the crop, the corn to be put in the crib, and the cotton to be delivered at the gin. The said Hlass agrees to furnish teams, tools and one hand to gather the corn; the tools and teams to be used by the said Fulford in his own crop on other land, and he to use his own team also in both crops. The said Fulford to give possession the 1st day of January, 1903, without further notice. The said Hlass to furnish supplies to said Fulford to live upon while cultivating the crop, and to take his pay out of the proceeds of Fulford's share of the same.

[Signed]                                "JOSEPH HLASS,

                                                    his
                                       "G. W. x FULFORD,
                                                    mark.

his

[Attest]                                    "J. M. x CALDWELL."

"R. W. HOLLAND."                        mark.

The defendant objected to the reading of this contract as evidence, because it differed from the contract sued on. The objection was overruled, the contract was read, and the defendant excepted.

The evidence adduced tended to show that plaintiff planted a crop under his contract, and while it was growing and before maturity he abandoned it, but as to whether he was forced to do so by the defendant failing to perform his part of the contract it is conflicting.

The undisputed testimony shows that the crop was not in a condition to gather on the 24th of November, 1902, when this action was commenced.

At the instance of the defendant the court instructed the jury as follows:

"If you find that, by reason of defendant's failure to comply with his contract, plaintiff was prevented from making and gathering crop, and this suit was begun before the crop was gathered, and before it was in condition to be gathered, his measure of damages would be the value of his work up to the time of his abandonment." This instruction seems to have been conceded by the parties to be the law of the case.

There was no evidence adduced to prove the value of his work.

The court gave many instructions orally, but they were substantially covered by instructions given in writing.

The jury, after allowing the defendant's claim for $80, returned a verdict in favor of plaintiff for $5.

As it does not affirmatively appear that the court abused its discretion in allowing James Fulford to be present and remain in the court room during the progress of the trial, the presumption is that he was for good cause allowed to remain.

There is no variance between the contract sued on and the contract read as evidence. Caldwell, although his name was signed to the contract, was not a party to it. He did not agree to do anything. The contract was between the plaintiff and defendant.

As the oral instructions were substantially covered by instructions in writing, the manner of giving them could not have been prejudicial.

There was no evidence to sustain the verdict of the jury.

Reverse and remand for a new trial.