MIDLAND VALLEY RAILROAD COMPANY *v.* HAMILTON.

Opinion delivered July 22, 1907.

1. WITNESSES—EXAMINATION—LEADING QUESTIONS.—Because the trial court permitted plaintiff's counsel to ask leading questions of his own witnesses will afford no ground for reversal of the judgment in plaintiff's favor unless the Supreme Court is satisfied that there was an abuse of discretion in so doing. (Page 84.)

2. CONTINUANCE—SHOWING OF DILIGENCE.—It was not error to refuse to postpone a trial for a few hours to permit appellant to secure the attendance of an absent witness where appellant made no showing of diligence in procuring his attendance, nor as to his whereabouts at the time of trial. (Page 84.)

3. INSTRUCTION—SPECIFIC OBJECTION.—If it was incorrect to instruct that carriers "must be extremely careful" not to mislead their passengers into the belief that the halting of a train is meant as an invitation to alight, a specific objection to the particular words employed was necessary in order to call the court's attention to the particular phraseology employed. (Page 85.)

4. CARRIER—NEGLIGENCE IN CALLING STATION—EVIDENCE.—Where plaintiff sued for injuries received while standing on defendant's platform, it was proper for him to prove, and to have submitted to the jury under appropriate instructions, the facts that he was invited

out by a negligently premature call of his station, and that defendant thereafter failed to warn him before suddenly moving the train. (Page 86.)

5.  INSTRUCTIONS—REPETITION.—It was not error to refuse requests to charge which were fully covered by instructions given. (Page 87.)

6.  SAME—DEFINITION OF COMMON TERMS.—The terms "drunk" and "sober" sufficiently define themselves. (Page 87.)

7.  CARRIER—DRUNKENNESS OF PASSENGER AS CONTRIBUTORY NEGLIGENCE.— The fact that a passenger was intoxicated at the time he was injured on defendant's train was not material unless it contributed to his injury. (Page 87.)

8.  TRIAL—MISCONDUCT OF JUDGE—PREJUDICE.—A verdict supported by abundant evidence and submitted to the jury upon proper instructions will not be set aside on account of improper conduct of the trial judge unless it appears that such conduct tended to prejudice the substantial rights of the appellant. (Page 87.)

Appeal from Sebastian Circuit Court; *Styles T. Rowe,* Judge; affirmed.

*Ira D. Oglesby,* for appellant.

1. The conduct of appellee's attorney in persistently propounding leading questions to the witnesses, in the face of appellant's objections, and the remarks, attitude and manner of the trial judge toward appellant's counsel when he objected to such questions and excepted to the rulings of the court thereon, were highly prejudicial to the appellant, indicating bias on the part of the court in favor of the plaintiff and against the defendant which necessarily influenced the jury.

2. There is no evidence on which to base the court's fourth instruction that "railway carriers of passengers must be extremely careful not to mislead their passengers into the belief that the halting of the train is meant as an invitation to alight," etc. It is argumentative, misleading, conflicting, abstract. 63 Ark. 177; 77 Ark. 567; 76 Ark. 599; 65 Ark. 222; 69 Ark. 130; 70 Ark. 441; 74 Ark. 437; 70 Ark. 79.

3. The court erred in giving this instruction: "If the plaintiff could see, hear, talk and walk with a firm elastic step, then you would be justified in believing he was sober," and in giving the converse thereof. This attempt judicially to define drunkenness was a clear invasion of the province of the jury. Art. 7, § 23, Const.; 78 Ark. 88; 73 Ark. 377; 70 Ark. 130; 67 Ark. 447; 57 Ark. 441; 49 Ark. 439.

4. The trial should have been postponed in order to procure the attendance of the witness, Green, made necessary by the denials of the witness Parrott of the truth of a written statement signed by him in Green's presence. This denial could not have been foreseen, and the refusal to postpone was an abuse of discretion. The presumption is that error produces prejudice. 116 Fed. 458.

*Jo Johnson* and *Prentiss E. Rowe,* for appellee.

1. General objections to the admission or rejection of evidence are insufficient. They must be made specific. 74 Ark. 355. The rule in regard to asking leading questions is to be understood in a reasonable sense. 1 Greenleaf on Ev. § 434. And it is within the discretion of the trial court to permit one to ask leading questions, even of his own witnesses. 63 Ark. 120.

2. The instruction with reference to drunkenness is not erroneous. 40 Ark. 521. Neither does it invade the province of the jury, since it leaves the jury entirely free to find from the facts whether or not appellee was drunk. See also Proverbs 23: 29, 30; Job 12:25; Ps. 107:27.

3. The fourth instruction is the law. 75 Ark. 214; Hutchinson on Carriers, (2d Ed.), § 615.

4. The instructions as a whole cover every phase of the case, are fair to appellant, and state the law of the case.

McCULLOCH, J. This is an action instituted by J. L. Hamilton against the Midland Valley Railroad Company to recover damages for the loss of his arm, which was caused by his having been thrown from a moving passenger train on defendant's road. The plaintiff was a passenger on the train, and negligence of the servants of the company is alleged in prematurely calling the station to which plaintiff was destined, thereby inducing him to go out on the car platform to debark and then in causing the train to suddenly start or jerk, so that he was violently thrown to the ground with his arm under the wheels, and his arm was cut off.

The defendant denied each allegation of negligence on the part of its employees, and alleged that plaintiff's injury was caused by his own contributory negligence in being out on the platform of the car while the train was in motion, that he was

intoxicated at the time and fell off the platform while he was wrongfully attempting to set the brakes of the car.

The jury returned a verdict of $1,999.95 damages, and the defendant appealed.

The testimony was conflicting upon the issues in the case, and was sufficient to sustain the verdict. Counsel for appellant argue, as the most flagrant error in the record, the rulings of the court in permitting the plaintiff's attorney to propound leading question to his own witnesses. The record bears out the contention that this was done; but, as that was a matter resting to some extent in the discretion of the court, it affords no grounds for reversal of the judgment, unless we are satisfied that the court abused its discretion and permitted conduct of counsel in the examination of witnesses which resulted prejudicially to the interest of appellant. *Wallace* v. *Bernheim,* 63 Ark. 108; 1 Wigmore on Ev. § 770.

Mr. Wigmore states the correct rule to be as follows: "So much depends on the circumstances of each case, the demeanor of each witness, and the tenor of the preceding questions, that it would be unwise, if not impossible, to attempt in an appellate tribunal to consider each instance adequately. Furthermore, the harm in a single instance is inconsiderable and more or less speculative, and the counsel's repetition of an impropriety can be so easily controlled by the trial court, that no favor is shown in the appellate tribunals to objections based merely on the form of the question. From the beginning and continuously it has been declared that the application of the principle is to be left to the discretion of the trial court."

Error of the court is also assigned in not ordering a postponement of the trial a few hours to enable appellant to secure the attendance of an absent witness. The witness was appellant's claim agent, who had been in attendance upon the court the day before, but had left town because it was not thought by counsel for appellant that his testimony would be needed. The witness had, as such claim agent, procured the written statement of one of the witnesses to plaintiff's injury who denied on the witness stand having signed the statement, and appellant asked the court to postpone the trial a few hours in order to enable the claim agent to reach the place of trial. This request was made during the progress of the trial, after the other wit-

ness had denied having signed the statement. Counsel claimed to have been surprised at this, and asked time to procure the attendance of the claim agent as a witness to impeach the testimony of the other witness. This, too, was a matter within the sound discretion of the trial judge, and we can not say that it was abused. The trial of this case was in progress for two days, and the first witness introduced by plaintiff was the one whom the appellant attempted to impeach by proving a contradictory statement concerning the facts of the case. This witness denied having made or signed the statement, and appellant's counsel waited until noon of the following day, when the taking of testimony was concluded, before asking the court for a postponement, and then made no showing of diligence in procuring the attendance of the witness. No showing whatever was made as to the whereabouts of the witness or as to what effort had been made to procure his attendance after the necessity for having his testimony had arisen. Counsel contented himself with a statement to the court that the witness could get there in about three hours, and now asks the court to reverse the case on account of the alleged abuse of its discretion by the court in refusing to postpone the case. The assignment of error is not well taken.

The giving of the following instruction by the court is claimed to be error:

"4. Railway carriers of passengers must be extremely careful not to mislead their passengers into the belief that the halting of the train is meant as an invitation to them to alight, when it is not so intended; and if the conduct of the servants engaged in its management was such as might have reasonably produced that impression, and if you find from the testimony that the plaintiff in this case so understood it, and in the attempt to leave the coach at a place where facilities were provided for his doing so, and while in the exercise of due diligence in doing so, he was injured, the defendant would be liable."

Even if it be conceded that this instruction, in the use of the words "must be extremely careful," was incorrect, a specific objection to the particular words or terms employed was necessary in order to call the attention of the court to it. A general objection to the instruction as a whole was insufficient for that purpose. *St. Louis, I. M. & S. R. Co.* v. *Barnett,* 65 Ark.

255. There was evidence which justified the giving of an instruction on the subject, as the plaintiff and other witnesses testified that the porter came through the train calling the station, and that plaintiff, with other passengers, went out on the platform to debark when the train was started with a sudden jerk. While the sudden movement of the train was the immediate cause of the injury, it was necessary for the plaintiff to show the cause of his premature presence upon the platform of the car, and it was proper for him to prove, and to have submitted to the jury under appropriate instructions, the fact that he was invited out by a negligent, premature call of the station. Appellant also had this question submitted by an instruction given at its request telling the jury that, "in order for plaintiff to recover, the burden of proof is upon him to show by a preponderance of the evidence that, after stopping the train at what plaintiff had reason to believe was Bokoshe Station, the defendant negligently put the train in motion before plaintiff had time to depart therefrom by the exercise of ordinary diligence to do so, and that by putting the train in motion by a sudden motion or jerk he was injured." No reversible error is found in this.

Complaint is made of the refusal of the court to give certain instructions asked by appellant concerning the presence of plaintiff on the platform of the car before it arrived at the station, but we find that this question was fully and properly submitted on other instructions which were given.

Appellant requested the court to give the following instructions:

"16. The allegation of plaintiff's complaint upon which he seeks to recover is that he was injured by the gross negligence of the defendant company in calling out the station in the manner and at the time in which they did; and as to this, and upon this allegation, you are instructed that plaintiff is not entitled to recover.

"17. Another allegation is that defendant was guilty of gross negligence in failing to warn plaintiff of the danger; and upon this allegation plaintiff has failed to make out a case."

These instructions were properly refused, because they were calculated to lead the jury to believe that they should not consider the negligence of appellant's servant in prematurely call-

ing the station and in failing to warn the plaintiff before suddenly moving the train after having induced him by a premature call to go out on the platform. These were conditions which it was proper for the jury to consider as, under the circumstances of the case, his right to recover depended upon the existence of those facts. They were properly guarded from being considered sufficient grounds for recovery by other instructions given at appellant's request, particularly the following one:

"No. 9. If the jury believe from the evidence that plaintiff was not thrown from the train by a sudden starting of the train or by a sudden jerk in starting the train after it came to a stop, the jury should find for the defendant."

The refused instruction number eighteen was fully covered by the one just granted, and the refusal to give it was therefore not prejudicial error.

Instructions given by the court undertaking to define soberness on the one hand and drunkenness on the other are criticised and assigned as error. It must be confessed that these instructions, to some extent, lacked accuracy; and were of little aid to the jury in determining from the evidence whether the plaintiff was drunk or sober. In fact, it may well be doubted whether these terms are susceptible to any accurate definition for practical purposes. They sufficiently define themselves, and it would have been better to leave it to the jury, without attempt at definition, to determine what the condition of the plaintiff was in this respect. However, there was no prejudicial error in giving the instructions. The question as to plaintiff's condition cn that occasion was material only in so far as it affected his conduct and contributed to his own injury. Unless his intoxication, if he was intoxicated at all, contributed to the injury, it was not material.

The court gave the following instruction at appellant's request, which properly submitted the question to the jury:

"No. 12. If the jury believe from the evidence that the plaintiff was drunk or partially so, that this condition contributed to cause the injury, plaintiff can not recover."

There was some unseemly controversy between the trial judge and counsel for appellant during the progress of the trial concerning the saving of exceptions, but it does not appear to us that any prejudicial effect could have resulted from it,

and we are unwilling to set aside a judgment supported by abundant evidence submitted to the jury upon proper instructions, unless we can see that the conduct of the judge tended to prejudice the substantial rights of the appellant in the presentation of the defense. *Tuttle* v. *State*, 83 Ark. 379.

Other rulings of the court are assigned as error, but we do not consider them of sufficient importance to discuss.

We find no error in the record which could have operated to appellant's prejudice, so the judgment is affirmed.

HILL, C. J., (dissenting.) Taking the conduct of the trial as a whole, together with the impossible instructions defining drunkenness and sobriety, I am of opinion that the appellant did not obtain a fair and impartial trial, and the judgment should be reversed.