ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* PATE.

Opinion delivered April 5, 1909.

1. CARRIERS—WHEN RELATION OF PASSENGER EXISTS.—Evidence that plaintiff's deceased entered a passenger coach apparently in acceptance of an offer made by another to pay his fare to an adjacent town, that he remained there until the train commenced to move, and attempted to alight when the train was moving, and was fatally injured, was sufficient to sustain a finding that he was a passenger. (Page 137.)

2. DAMAGES—EXCESSIVENESS.—Evidence that plaintiff's deceased was conscious for thirty or forty minutes after he was injured, that his pain was intensely excruciating, and his injuries shocking, was sufficient to sustain an award to his estate of $1,000 as damages. (Page 180.)

3. WITNESSES—EXCLUSION FROM COURT ROOM.—It is within the discretion of the trial court to permit witnesses to remain in the court room during the progress of the trial. (Page 138.)

Appeal from Conway Circuit Court; *Eugene Lankford,* Judge; affirmed.

*Lovick P. Miles,* for appellant.

1. Deceased was not a passenger; his contract of carriage was completed. He was intoxicated, and the injury was attributable to his own negligence. 67 Ark. 53; 73 *Id.* 551; 46 *Id.* 523; 65 *Id.* 435.

2. Witnesses should have been put under the rule. Kirby's Digest, § 3142.

3. The verdict is excessive. 65 Ark. 619.

*Wm. L. Moose* and *Chas. C. Reid,* for appellee.

1. The question of negligence was for the jury. 46 Ark. 423, 437; 37 *Id.* 526.

2. Carriers are required to maintain safe platforms for passengers. Thompson on Negligence, § 2697. Pate was a passenger. 67 Ark. 47; 69 *Id.* 489; 76 *Id.* 377.

3. It was in the discretion of the court whether or not the witnesses should be put under the rule. 77 Ark. 603.

BATTLE, J. On the fourth day of July, 1907, James A. Pate, in alighting from a train of the St. Louis, Iron Mountain and Southern Railway Company, at Morrilton, Arkansas, fell and received injuries which caused his death. Edna Pate, as his administratrix, brought this action against the railway company to recover damages on account of such injury and death. She alleged in her complaint that James A. Pate boarded a train of the defendant at Morrilton for the purpose of going thereon to the town of Atkins; that after boarding the train, and before it left the station, her intestate concluded not to go to Atkins but to remain at Morrilton; and that while in the exercise of due care he was leaving the train, when it was moving slowly, he stepped upon a plank in the platform of the

station at Morrilton, which, on account of it having been negligently permitted to become decayed, broken, uneven and loose, gave way under her intestate, and caused him to slip under the moving train and receive injuries which caused his death.

The defendant answered and denied all the material allegations of the complaint, and pleaded that the intestate, James A. Pate, was guilty of contributory negligence which caused or contributed to his injury and death, and that defendant owed him no duty at the time he was injured, and that he assumed all the risk of injury in alighting from the train at the time, place. and in the manner he did.

A jury were impaneled to try the issues in the case, and, after hearing the evidence and instructions of the court, returned a verdict in favor of the plaintiff in the sum of $1,000 for the estate and in the sum of $3,000 for the widow and next of kin; and judgment was rendered accordingly, and the defendant appealed.

At the beginning of the trial the defendant moved the court to exclude witnesses from the court room during the time they were not testifying; and the court denied the motion.

One of the appellant's defenses to the action was that the deceased was not a passenger at the time he was injured. This question was submitted to the jury upon instructions, and they found he was. The evidence adduced tended to prove that Pate was upon the platform while a train of the appellant was standing at the station, and a conversation between him and a passenger on the train about a game of poker took place, and the passenger offered to pay Pate's expenses to Atkins if he (Pate) had as much as $50; and that Pate, in apparent acceptance of the offer, boarded the train, and remained there until the train commenced moving, when he attempted to alight when the train was moving very slowly, and was fatally injured. There was no evidence to show that there was any necessity for his going upon the train, unless he intended to become a passenger. There was evidence to sustain the verdict upon this issue.

As to the defective platform, there was evidence tending to prove the allegations of the complaint. The evidence as to the manner in which Pate alighted is conflicting. There was

enough, however, to show that no negligence of Pate, if any, contributed to his injury, or at least to leave that fact in doubt and a question for the jury.

Appellant contends that $1,000 damages · assessed for the benefit of the estate was excessive. But the evidence shows that Pate was conscious for thirty or forty minutes after he was injured, and the pain he suffered in that time was intense, excruciating, and almost beyond endurance for the shortest time, and the injuries he received were shocking in the extreme. Under these circumstances it does not appear that the damages were excessive.

The excluding of witnesses from the court room when not under examination is within the discretion of the court. Kirby's Digest, § 3142. No reason for excluding the witnesses in this case that does not apply to all cases is shown. The hearing of the testimony of witnesses by a witness before testifying does not disqualify him but may affect his credibility. We see no reversible error in the refusal to exclude witnesses in this case. *Hlass* v. *Fulford,* 77 Ark. 63.

Judgment affirmed.