ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* POLLOCK.

Opinion delivered December 20, 1909.

1. CARRIERS—INJURY BY RUNNING OF TRAIN.—Where the evidence tended to prove that plaintiff, a passenger on defendant's train, was injured by a jerk or sudden motion of the train, while it was rounding a curve, the question was properly submitted to the jury whether plaintiff's injury was caused by the running of the train. (Page 242.)

2. SAME—CONTRIBUTORY NEGLIGENCE.—It is not negligence as matter of law for a passenger, in the absence of any rule of the carrier prohibiting it, to pass from one car to another while the train is in motion, but whether he is negligent depends upon the facts and circumstances of each particular case. (Page 242.)

3. SAME—NEGLIGENCE—LIABILITY.—Where a passenger is injured by the negligence of the carrier, without concurring negligence on his part, he is entitled to recover. (Page 243.)

4. SAME—NEGLIGENCE.—Where the evidence tended to prove that a passenger, passing from one car to another while the train was in motion, was injured by a sudden jerk which caused him to fall across a stool negligently left in the aisle of the platform, and to be injured, a finding of negligence on the part of the carrier will not be disturbed. (Page 243.)

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; affirmed.

### STATEMENT BY THE COURT.

Appellee was a passenger on appellant's train. He was passing between the coach and smoking car. On the platform between the cars and in the direct line of the passage way there was a little step box or stool about seven or eight inches high. Appellee stepped over this box in passing from one car to the other, and as he did so the train gave a sudden jerk. It was a jerk as if the train was rounding a curve, and appellee's heel struck the box, and he fell backward, hitting his back against the stool, and was injured. Appellee could have moved

the stool out of his way, but, instead of doing so, he stepped over it, when the train jerked, causing him to fall. The train was vestibuled, and the box was a stool used by the train men in assisting the passengers to get on and off the cars.

Appellee sued appellant, predicating his cause of action upon the above facts, and alleging that appellant negligently placed and permitted the stool to remain in the aisle of the platform, and negligently permitted the train to give a violent jerk, throwing and injuring appellee as indicated above.

Appellant denied the material allegations. Appellant's evidence tended to prove that the train was running smoothly, that appellee made complaint to the conductor of a step being across the pathway, that the conductor went and found the step or stool in front of the door about five inches. He moved it back of the door of the vestibule where it should have been placed by the porter. The appellee did not tell the conductor that he was hurt. The Hot Springs special train on which appellee was riding was a solid train all vestibuled. The cars all go together. One car can not roll one way and then the other. They go in a bend, and can't possibly jerk one car and not jerk altogether. The motion of the cars in turning a curve is a swaying motion, but not a sudden lunge. It might cause a person to stagger and lose his balance if unfamiliar with its motion.

The instructions of which appellant complains are as follows:

"3½. If the plaintiff has shown by the preponderance of the evidence that he was injured by the running of defendant's train, then he has made a *prima facie* case of negligence against the defendant. But, if it appears from the evidence introduced by plaintiff that the injury did not result from the negligence of defendant, the *prima facie* case is rebutted.

"2. If you believe from the evidence that the plaintiff, H. B. Pollock, was a passenger on one of defendant's trains between Little Rock and Benton, Arkansas, and, while riding as such passenger and while the train was running, undertook to pass from one car to another, and found a step box or stool in the passageway between said cars, which said step box or stool he attempted to step over, and in doing so he failed to use ordinary care, that is, such care as an ordinarily prudent person would exercise under the circumstances, and was caused to fall

by reason of the motion of the car, and was injured by falling on the step box or stool, then your verdict should be for the defendant, unless you further find from the evidence that the movement of the car which caused him to fall was sudden, unusual and unnecessary in the ordinary operation of the train."

The modification to appellant's prayer number 2 above is shown in capital letters. To this modification appellant objected, and duly excepted to the rulings of the court. The verdict and judgment were for $500.

Appellant duly prosecutes this appeal.

*Kinsworthy & Rhoton,* and *Chas. Jacobson,* for appellant.

Section 6607, Kirby's Dig., must be strictly construed, and should not be extended beyond the cases where it obviously applies. 70 Ark. 481; 88 Ark. 12; 73 Ark. 548. A passenger who passes from one car to another while train is in motion is guilty of contributory negligence. 47 La. Ann. 1671; 111 Ala. 447; 146 Mass. 205; 81 Me. 84; 151 Mass. 220; 146 Mass. 605.

*Wood & Henderson,* for appellee.

Instruction No. 3½ was in accordance with section 6773 of Kirby's Dig., and was proper. 65 Ark. 235; 73 Ark. 548; 80 Ark. 19; 81 Ark. 579; 83 Ark. 217; 87 Ark. 308; *Id.* 581; 88 Ark. 204. Appellee was not guilty of contributory negligence in trying to step over the stool. 79 Ark. 137; 78 Ark. 55; 85 Ark. 326.

Wood, J., (after stating the facts.) There was evidence tending to show that appellee's injury was caused by a sudden jerk, or the swaying motion of appellant's train while it was running and rounding a curve, causing him to strike the stool with his heel and to fall. This warranted submitting the question to the jury as to whether appellee's injury was caused by the running of the train. The instruction was applicable to the facts under section 6773, Kirby's Digest, and repeated decisions of this court. *St. Louis, I. M. & S. Ry. Co.* v. *Puckett,* 88 Ark. 204, and cases there cited.

It is not negligence as matter of law for a passenger, in the absence of any rule of the carrier prohibiting it, to pass from one car to another while the train is running. *McAfee* v. *Huidekoper,* 34 L. R. A. 720; 3 Thompson on Neg., § 2969. Whether or not a passenger is guilty of negligence in so doing

depends upon the facts and circumstances of each particular case. A passenger who undertakes to pass from one car to another, however, while the train is running, assumes the risk of injury caused by the ordinary movements of the train of good construction and in good repair over a track that is in good condition. In other words, if the company is not negligent in the running of its train, the passenger who undertakes for his own convenience or pleasure to pass from one car to another assumes the ordinary risks incident to so doing. He does not assume any risks of the carrier's negligence; and, if himself free· from contributory negligence, he may recover where his injury is caused by the negligence of the carrier. 3 Thompson, Neg., § 2969; *Stewart* v. *Boston & Providence Rd. Co.,* 146 Mass. 605.

Prayer number 2 was correctly modified, so as to submit to the jury the question whether appellee was guilty of contributory negligence under the circumstances detailed in evidence, instead of declaring as matter of law that his conduct was negligence. *Missouri & N. A. R. Co.* v. *Bratton,* 85 Ark 326; *Scott* v. *St. Louis, I. M. & S. Ry. Co.,* 79 Ark. 137; *Tiffin* v. *St. Louis, I. M. & S. Ry. Co.,* 78 Ark. 55.

There was evidence to warrant the finding that appellant was negligent in leaving the stool or box step in the passage way on the platform between the cars, and that this negligence was the proximate cause of appellee's injury. The evidence was hardly sufficient to show that the appellant was negligent in causing a sudden jerk; but that was not essential to appellee's right to recover, since the evidence was sufficient to sustain the other allegations of negligence, and that the injury was the direct result of such negligence. The motion of the train, whether negligent or not, concurred and co-operated with the negligence in leaving the step in the aisle, which was the efficient and proximate cause of the injury and damage to appellee. At least, the jury have so found on correct instructions and upon sufficient evidence.

The judgment is affirmed.