LASHLEE *v*. BUSH, RECEIVER OF ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

Opinion delivered May 21, 1917.

RAILROADS—INJURY TO PASSENGER—STANDING IN AISLE OF MOVING TRAIN.—When passengers of their own accord move about on trains in motion, they assume the risk of injuries occasioned by the usual and ordinary movement of the trains, either in starting, running or stopping.

Appeal from Jackson Circuit Court; *Dene H. Coleman*, Judge; affirmed.

*Gustave Jones* and *Blackwood & Newman*, for appellants.

1.  There was positive evidence of negligence on the part of defendant causing the injury.  No contributory negligence was shown and the verdict was the direct

result of errors in the instructions given by the court. The law is well settled. 96 Ark. 339, 342; 102 N. Y. 716; 7 N. E. 623.

2. The instructions requested by plaintiffs are approved in 84 Ark. 81, 85. They state the law correctly. The judgment should be reversed and a new trial ordered.

*Troy Pace,* for appellee.

1. There is no error in the court's instructions given or refused. No negligence is proven. A passenger who undertakes to pass from one car to another while the train is running assumes the risk of injury caused by the ordinary movements of the train. 3 Thompson "Negligence," § 2969; 93 Ark. 240, 243; 5 Rul. C. L., § § 676-7; 102 Ark. 533, 538; 89 *Id.* 222, 230.

HUMPHREYS, J. The appellants, husband and wife, instituted suit against appellee in the circuit court of Jackson county for damages received by Mrs. W. D. Lashlee when she was making preparation to debark from appellee's train near the station of Oliphant. The alleged negligent act on the part of appellee consisted in causing the coach, occupied by Cynthia Lashlee as a passenger, to be jerked backward and forward in such a manner as to throw her to the floor and injure her, while standing at the door of the coach ready to debark when the train was slowing down for the station of Oliphant.

The St. Louis, Iron Mountain & Southern Railway Company filed separate answer setting up that the train was being operated at the time by B. F. Bush as receiver, and for that reason it was not responsible.

B. F. Bush, as receiver, answered, denying that Cynthia Lashlee was injured through the negligent operation of the train, and by way of further defense, pleaded contributory negligence on her part.

The cause was submitted to a jury upon the pleadings, evidence and instructions of the court, upon which a verdict was returned in favor of appellee. A judgment

of dismissal was rendered in accordance with the verdict, from which an appeal has been properly prosecuted to this court.

The facts show that Mrs. Cynthia Lashlee, a passenger enroute to Oliphant, a lady 40 years of age, who weighed 172 pounds, arose and walked to the door of the coach, after the station of Oliphant had been called two or three times by the conductor, who was looking directly at her, while the train was slowing down for the station. Mrs. Lashlee and one of her witnesses testified that when she was standing at the door she was thrown to the floor by a hard jerk of the train. Appellee's witnesses testified that there was no jerking or jarring in slowing down and stopping the train.

Appellants complain that the instructions given by the court carried the idea that appellee would not be responsible unless the injury was the result of an extraordinary or unnecessary movement of the train; that no recovery could be had for an injury occasioned by the usual and ordinary movement of a train in stopping. The court is of opinion that a railroad is not responsible for injuries resulting to passengers when they move about in the cars while the train is in motion, unless, through the carelessness and negligence of its employees, the train is jerked to and fro in an unusual and violent manner. When passengers of their own accord move about on trains in motion, they assume injuries occasioned by the usual and ordinary movement of the trains, either in starting, running or stopping. *St. Louis, I. M. & S. Ry. Co.* v. *Pollock,* 93 Ark. 240.

We have examined the instructions carefully and under the facts in this case, it seems to us that the question of whether the injury was occasioned by the usual and ordinary movement of the train, or whether occasioned by the unusual and extraordinary movement of the train, was correctly submitted to the jury.

Appellant asked and insists that the trial court committed reversible error in refusing to give the following instruction:

"Railway carriers of passengers must be extremely careful not to mislead their passengers into the belief that the halting of a train at a station is meant as an invitation to them to alight when it is not so intended; and if the conduct of the servants engaged in the management of the train is such as may reasonably produce that impression and the passenger so understand it and in the attempt to leave the coach and whilst in the exercise of due care and diligence the passenger is injured, the carrier will be liable."

It is said that this instruction is identical with one approved by this court in the case of *Midland Valley Railroad Company* v. *Hamilton*, 84 Ark. 81. The court said in that case, concerning the instruction identical with the one asked here, that "Even if it be conceded that this instruction, in the use of the words 'must be extremely careful,' was incorrect, a specific objection to the particular words or terms employed was necessary to call the attention of the court to it. A general objection to the instruction as a whole was insufficient for that purpose." This statement by the court is not an approval of the instruction in the form asked. The statement by the court amounted to a disapproval of the instruction in the form asked.

The court was correct in refusing to give this instruction on another ground. We have looked to the evidence to ascertain whether the remarks made by the conductor amounted to an invitation to Mrs. Lashlee to arise from her seat and go to the door while the train was in motion. A majority of the judges are of opinion that the language used by the conductor, and the manner in which he used it, did not amount to a request or invitation for Mrs. Lashlee to get up and go to the door while the train was moving; that the language used by the conductor amounted to an emphatic announcement of the

near approach of the train to the station, and was in effect a notice to passengers who desired to debark at Oliphant that the train was approaching the station.

It is also insisted by appellant that instruction No. 12 on contributory negligence, given by the court at the request of appellee, was erroneous.

It is argued that there is nothing in the evidence to indicate that Mrs. Lashlee was negligent in standing in the aisle preparatory to getting off, when the train was slowing down; or that her age, weight, the children accompanying her, or the parasol in her hand, had anything to do with the fall. The evidence disclosed her age, weight, the number of children accompanying her, that she arose from her seat before the train stopped and walked toward the door, and had her parasol in her hand at the time. These facts were referred to in the instruction, but the court said to the jury that in determining whether she was guilty of contributory negligence they might take into consideration those facts and all the surrounding circumstances in order to determine whether she acted as a reasonable, ordinary, prudent person would have acted under similar circumstances. The court, in effect, told the jury that her acts should be viewed in the light of all the surrounding circumstances, and if, under all the circumstances, her act was that of an imprudent person, then she could not recover if the injury was the result of an unusual or extraordinary movement of the train. It seems to us that this was a clear statement of the law on contributory negligence, as applicable to the facts in this case.

No error appearing in the record, the judgment is affirmed.