## BENSON *v.* STATE.

### Opinion delivered September 26, 1921.

1.  CRIMINAL LAW—EVIDENCE OF AUTHORSHIP OF UNSIGNED LETTER.— It was not error to refuse to permit defendant to pursue his inquiry as to the authorship of an unsigned letter, giving the information to the officers about the location of a still on defendant's farm, as the letter had performed its function in enabling the officers to locate the still, and it was immaterial who wrote it.

2.  WITNESS—PLACING UNDER THE RULE.—Whether any witness or all the witnesses shall be put under the rule is addressed to the sound discretion of the trial court.

3.  CRIMINAL LAW—EVIDENCE ILLEGALLY PROCURED.—The fact that evidence was obtained by means of a wrongful search of defendant's premises without a search warrant does not render it inadmissible.

4.  CRIMINAL LAW—INSTRUCTION—GENERAL OBJECTION.—A general objection to an instruction is insufficient to raise the objection that it assumes the existence of a still on defendant's premises, where the purpose of the instruction was, not to tell the jury what a still was, but to declare what connection one must have with a still illegally operated to make him a party to the crime thus being operated.

5.		CRIMINAL LAW—INSTRUCTION—WEIGHT OF EVIDENCE.— An instruction that the jury, in determining the guilt or innocence of the defendant, might consider certain enumerated facts, if they so found, together with all the other facts and circumstances, if any, proved, and if upon the whole case they believe him guilty, they should convict him, *held*, not objectionable as being upon the weight of the evidence.

6.		CRIMINAL LAW—ADMONITION TO JURY.— An instruction urging the jury to get together, and to listen to each other's opinions, *held*, not objectionable.

Appeal from Polk Circuit Court; *James S. Steel,* Judge; affirmed.

*Norwood & Alley,* for appellant.

The testimony introduced was not sufficient to justify a conviction. Even if there was an indictment for conspiracy, and Briscoe was shown to have been connected with the offense, it could not be used against the defendant until there was evidence first showing the conspiracy between them. 77 Ark. 444; 78 Ark. 284; 95 Ark. 460; 87 Ark. 34.

The court erred in admitting the evidence of Tisdale, Hazel and Earl Tisdale, as to what was found on the premises of defendant, as they had no warrant, and the search and seizure was unlawful, and any evidence so obtained was unlawfully obtained and not admissible. Amendment No. 4 to Constitution of U. S.; 270 Fed. 578; 251 U. S. 385; 232 U. S. 383; 233 U. S. 481; 252 Fed. 414.

The court erred in not allowing defendant to inquire of the witness, Tisdale, who wrote the unsigned letter, giving diagram and information leading to his arrest.

The court erred in instructing the jury as to the weight of the evidence. 63 Ark. 457. Instructions must not assume facts which are to be determined by the jury. 58 Ark. 504; 71 Ark. 38; 48 Ark. 396.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* for appellee.

1. The evidence is legally sufficient to justify a conviction.

2. The court did not commit error in allowing the witness, Hazel, to testify relative to finding a cooling trough and piece of piping, used for a worm to a still, near a path leading from the home of defendant to the home of Briscoe. No objection being made to this testimony at the time by defendant, an objection, made for the first time on appeal, will be unavailing. 123 Ark. 66.

3. The trial court did not err in admitting the evidence of the Tisdales and Hazel, witnesses for the State, as to what they found on the premises of the appellant. 1 Greenleaf on Ev. § 254a; 157 Mass. 519, 32 N. E. 910; 165 Mass. 11, 42 N. E. 329; 166 Mass. 370, 44 N. E. 503; 192 U. S. 585; 119 U. S. 340, 30 L. Ed. 421, 7 Sup. Ct. Rep. 225; 127 U. S. 700, 32 L. Ed. 283, 8 Sup. Ct. Rep. 1204.

4. There was no error in the court's refusal to allow defendant to inquire of the witness, Tisdale, who wrote the unsigned letter giving diagram and information leading to defendant's arrest.

5. The court did not err in instructing the jury as to the weight of the evidence.

Smith, J. Appellant was convicted of making intoxicating liquors, and has appealed. He strongly insists that the testimony is insufficient to support the verdict; that the court erred in admitting testimony and in instructing the jury and in permitting a witness named Tisdale to remain in the courtroom during the progress of the trial when other witnesses had been put under the rule.

Testimony tending to support the verdict was offered to the following effect: J. T. Tisdale, a Federal prohibition enforcement officer, received information that a still was being operated. He applied to, and received from, the sheriff of the county a diagram of appellant's premises, as Tisdale was not familiar with the roads in the section of the county where the still was supposed to

be located. Accompanying this diagram was a letter of information and directions, which was not signed. Tisdale went to appellant's home, and found appellant there with his wife. Tisdale was accompanied by his son and by one Hazel, a constable of the county. These officers searched appellant's house, and found a quart fruit jar about half or two-thirds full of moonshine whiskey. Upon further search several jars, jugs and bottles containing small quantities of whiskey were found, and still other receptacles were found which were redolent of whiskey. Before this search was made, appellant had stated that there was no whiskey in his house. The officers testified that about one hundred and twenty-five yards from appellant's residence and on his farm they found a cave which contained a still or where a still had been. The place was afire and had evidently been burning for some hours. They found there six barrels of mash, some of the barrels full and others which had been burned were only partly full. The officers took appellant and his wife to the still and asked what it meant. Appellant's wife, in appellant's presence, suggested that the still had been placed there by some enemy of her husband, because he was, as she expressed it, the "law," meaning thereby that her husband was the justice of the peace for that township. She made the same suggestion in regard to the whiskey in her house. Appellant's explanation of the presence of the whiskey in his home was that a doctor had prescribed and furnished this whiskey for the use of his wife.

The field between appellant's house and the still had been freshly plowed, and there were tracks of a man and woman to and from the still and appellant's house, and there was a well-beaten path from appellant's back gate to the distillery. There were fresh wagon tracks from appellant's barn gate to the still, and appellant admitted he had made these tracks doing some hauling the day before.

The officers also observed that a sweetgum bush had been cut about four feet from the distillery walls. They

also saw in appellant's smokehouse three one-gallon jugs, each containing a little whiskey, and these jugs each contained a stopper made from a sweetgum bush of a size corresponding to the piece that was cut out of the bush near the distillery.

Tisdale testified that, as a prohibition enforcement officer, he had raided or captured about five hundred stills, and was familiar with the manufacture of whiskey, and that the mash or beer found at appellant's place was intoxicating and ready to run. The officers further testified that some of the mash or beer that was found at the still had been boiled off or run through the still.

Hazel, the constable, testified that he found, between the homes of appellant and one Briscoe, which were about half-a-mile apart, a cooling trough and pipe bent for a worm for a still, and that a trail led from appellant's home to Briscoe's house. The trough and piping were found about fifty or seventy-five yards from this path and about half a mile from appellant's house.

Objections were made to the admission of most of this testimony. But we think it was all competent, and that it established the existence of a partly dismantled still, and we think the jury was warranted in drawing the inference that whiskey had been manufactured at this still, and that appellant was a party to the operation of the still. It may be further added that Briscoe was the stepson and tenant of appellant.

Appellant offered the explanation that the excavation in the side of the hill—which the officers designate as a still—had been made while he was prospecting for ore, and he offered testimony tending to show that no whiskey had been made on his place, and that, if any had been made, it had been done without his knowledge or consent. The verdict of the jury reflects the fact, however, that this testimony was not credited by the jury.

Appellant was not permitted to pursue his inquiry as to the authorship of the unsigned letter giving infor-

mation to the officers about the location of the still. He excepted to the ruling of the court on the ground that, if he had been permitted to pursue the inquiry as to the authorship of the letter, he might have ascertained who his enemies were. No error was committed in this respect, as the only purpose of the letter was to enable its possessor to locate the premises. It performed that function, and it was immaterial who wrote it.

Exceptions were saved to the refusal of the court to put the witness, Tisdale, under the rule along with the other witnesses.

In the case of *Oakes* v. *State,* 135 Ark. 221, 229, one Claude Duty, an attorney, had been specially employed to aid in the prosecution of the case then on trial. He was not placed under the rule as the other witnesses had been, and objection was made to his testimony on that account. We there disposed of the question by saying: "The question as to whether any witness, or all the witnesses, shall be put under the rule is one that addresses itself to the sound discretion of the court, and that discretion was not abused in permitting Duty to testify. Kirby's Digest, § 3142; *Vance* v. *State,* 70 Ark. 272; *Hlass* v. *Fulford,* 77 Ark. 603; *St. L., I. M. & S. Ry. Co.* v. *Pate,* 90 Ark. 135.''

Tisdale made the search without a warrant, or other process, from any court specially authorizing him so to do. It is insisted, therefore, that, as the search was illegally made, any evidence of guilt thus discovered was inadmissible in evidence. The authorities are against appellant on this proposition. Without inquiring or deciding what right Tisdale had to search appellant's premises, it suffices to say that the evidence of appellant's guilt thus discovered is not rendered inadmissible because Tisdale may have been a trespasser.

At page 2955 of volume 3 of Wigmore on Evidence, in the chapter on "Rules of Extrinsic Policy," Professor Wigmore says: "For these reasons it has long been established that the admissibility of evidence is not affected

by the illegality of the means through which the party has been enabled to obtain the evidence. The illegality is by no means condoned; it is merely ignored." *Starchman* v. *State,* 62 Ark. 238. See, also, 8 R. C. L., p. 196; 24 R. C. L., § 22 of the article on Search and Seizure; 10 R. C. L., § 97 of the article on Evidence, and cases cited in the notes. See, also, numerous cases cited in the brief of the Attorney General.

Among other instructions given by the court was one numbered 2, which reads as follows:

"It is not necessary that you should find that the defendant was the owner of the still, or that he was receiving any pay for his services. It is sufficient if you find beyond a reasonable doubt that the defendant aided, abetted, encouraged or advised the manufacture of intoxicating liquors, or being present was ready and consenting to aid and abet in its manufacture, or was interested in its manufacture."

Only a general objection was made to this instruction, and it is now specifically objected that the instruction assumes that there was a still. We think the objection comes too late. It was not the purpose of this instruction to tell the jury what constituted a still, but its purpose was to declare as a matter of law what connection one must have with a still being illegally operated to make him a party to the crime thus being committed. The general objection was not, therefore, sufficient to raise the question now presented. *Miller* v. *Fort Smith Light & Traction Co.,* 136 Ark. 272.

After having had the case under consideration for some time the jury returned into court for further instructions, whereupon the court orally charged the jury in part as follows:

"In determining the guilt or innocence of the defendant, the jury has a right to take into consideration the fact that moonshine whiskey was found; the fact that a still was found near his home, if they so found; the

fact that a path led to the same, if they so found; the fact that containers, containing small amounts of whiskey, were found in his possession, if they so found, and that the same was upon his enclosure, if they so find; together with all other facts and circumstances, if any, proved. And if, upon the whole case, you believe him guilty, you will convict him.''

A general objection was made to the instruction at the time, and it is now insisted that it was erroneous as being a charge on the sufficiency of the evidence.

It will be observed that all the facts stated are recited hypothetically except the fact that moonshine whiskey was found (a fact which was not denied); but the court did not tell the jury that the facts there mentioned were sufficient, if true, to warrant a conviction. Nor did the court limit the consideration of the jury to those facts alone. On the contrary, the court told the jury to consider all the facts and circumstances proved in the case and to thus make up their verdict.

A very similar contention was disposed of by this court in the case of *Hogue* v. *State,* 93 Ark. 316, where it was said: ''The practice of framing separate instructions on distinct circumstances, and thus, as it is said, singling them out, is not commendable, and it has been held by this court in several decisions that it is not error to refuse such instructions. *Carpenter* v. *State,* 62 Ark. 286; *Ince* v. *State,* 77 Ark. 418. But the giving of such an instruction is not prejudicial error where the court in the whole charge directs the jury to consider all the facts and circumstances proved in the case, and especially where, as in this case, the court instructs that 'the facts and circumtsances in evidence shall be consistent with each other and with the guilt of the defendant, and inconsistent with any reasonable theory of defendant's innocence.''

It is finally insisted that in the oral charge to the jury the court erred in its admonition to the jury to ''get together'' on a verdict. The language complained of

reads as follows: "Now, I want to say this: I have not inquired of you how you stand, or anything about it; but this is an important case to Mr. Benson, and an important case to your county, and you gentlemen have absolutely no interest in the matter, and you do not know anything about the matter; and I want you to get together. Some times we find a juryman, or anybody else in life, that says a horse is sixteen feet high, and they want to stand by it, right or wrong. It shows good judgment for a juryman to listen to his fellow-jurors in giving their opinion." The insistence is that the effect of the court's admonition was to advise the individual jurors to make such sacrifice of their individual opinions as might be necessary to arrive at a verdict.

The court, of course, can not give any such direction. But we do not think the instruction susceptible of that construction. In the case of *St. L., I. M. & S. Ry. Co.* v. *Carter,* 111 Ark. 272, 282, we said: "The rule is well settled in this State that the trial court may detail to the jury the ills attendant on a disagreement and the importance of coming to an agreement. The trial judge should not, by threat or entreaty, attempt to influence the jury to reach a verdict. He should not, by word or act, intimate that they should arrive at a verdict which is not the result of their free and voluntary opinion, and which is not consistent with their conscience. He may, however, warn them not to be stubborn and to lay aside all pride of opinion and to consult with each other and give due regard and weight to the opinion of their fellow-jurors." See, also, *Mallory* v. *State,* 141 Ark. 496, 500, 503; *Reed* v. *Rogers,* 134 Ark. 528, 534; *Whitley* v. *State,* 114 Ark. 243; *Jackson* v. *State,* 94 Ark. 169, 174, 175; *Southern Ins. Co.* v. *White,* 58 Ark. 277, 282.

We think the oral instruction did not transcend the trial court's right and duty as thus defined.

No error appearing, the judgment is affirmed.