MIKEL v. STATE.

Opinion delivered December 15, 1930.

*G. L. Grant*, for appellant.

*Hal L. Norwood*, Attorney General and *Robert F. Smith*, Assistant, for appellee.

MEHAFFY, J. The grand jury of Sebastian County returned an indictment against the appellant charging him with manufacturing intoxicating liquor. A change of venue was granted by the court to Scott County upon application of the appellant. There were three indictments against the appellant, one for manufacturing intoxicating liquor, another for possessing a still, and another for possessing mash. The jury found the appellant not guilty of the crime of possessing a still and also found him not guilty of the crime of possessing mash, but he was convicted of the crime of manufacturing intoxicating liquor and sentenced to a year in the penitentiary. He prosecutes this appeal to reverse the judgment of conviction.

The officers who made the arrest testified to facts which, if believed by the jury, justified it in finding defendant guilty. The evidence offered on the part of appellant was in direct conflict with the evidence of the State, but, under the well-established rule, if there was any substantial evidence to support the verdict of guilty, such verdict will not be disturbed by this court on account of the insufficiency of the evidence. The appellant himself says that, if the witnesses who testified on behalf of the State are to be believed, the appellant is guilty. It is therefore unnecessary to set out the evidence.

It is earnestly contended however by the appellant that the court arbitrarily excluded appellant's witnesses and ordered the State's witnesses to remain in the court room, and that the court erred in declaring counsel for defendant to be guilty of improper conduct in commenting upon the fact that the State's witnesses were permitted to remain in the court room. Section 4191 of C. & M. Digest, provides: "If either party require it, the judge

may exclude from the court room any witnesses of the adverse party not at the time under examination so that he may not hear the testimony of the other witnesses." It is insisted that when the trial began the defendant moved the court to exclude all witnesses from the court room. The record does not show this. What the record does show is that the court refused to exclude the State's witnesses who were officers of Sebastian County, and that appellant objected and excepted to this action of the court. It may perhaps be inferred from this that there had been a request of the court that the witnesses be excluded, but the record does not otherwise show it. It simply shows that the court refused to exclude the officers of Sebastian County, who were witnesses in the case. Whether any other witnesses were excluded is not shown by the record; however, assuming that the request was made to exclude all witnesses, and assuming that the court excluded all except the officers of Sebastian County, this was a matter within the discretion of the trial court. "The question as to whether any witness or all of the witnesses shall be put under the rule is one that addresses itself to the sound discretion of the court, and that discretion was not abused in permitting Duty to testify." *Oakes* v. *State,* 135 Ark. 221, 205 S. W. 305. Duty was one of the attorneys employed in the prosecution, and had not been put under the rule as other witnesses had. The excluding of witnesses from the court room when not under examination is within the discretion of the court. *St. L. I. M. & S. R. Co.* v. *Pate,* 90 Ark. 135, 118 S. W. 260; *Hlass* v. *Fulford,* 77 Ark. 603, 92 S. W. 862. It does not appear that the court abused its discretion in refusing to exclude the State's witnesses from the court room. The appellant gave no reason for objecting to the action of the court; he did not at that time claim that any prejudice would result; he simply contented himself with objection to the action of the court in not excluding the State's witnesses from the room. As we have already said, however, the record does not show except inferentially that any witnesses were excluded.

The appellant insists that the court erred in not permitting counsel for appellant to argue that the State had obtained an unfair advantage over the defendant by reason of the State's witnesses being allowed to remain in the court room to hear each other testify and to hear defendant's witnesses testify. The court, of its own motion, interrupted defendant's attorney and would not permit him to make this argument; the attorney attempted several times to argue that the State had obtained an unfair advantage over the defendant. The court instructed the jury not to consider this argument and admonished the attorney not to persist in this argument. There is nothing in the record to show that an unfair advantage was obtained by the court's refusal to exclude the State's witnesses from the court room, and the question of excluding witnesses as well as other questions of procedure during the trial are within the sound discretion of the trial court, and a judgment will not be reversed because of the court's action unless it appears that the court's discretion was abused. *Brooks* v. *Perry,* 23 Ark. 32; *Dobbins* v. *Oswald,* 20 Ark. 624; *Tuttle* v. *State,* 83 Ark. 379, 104 S. W. 135; *Midland Valley Railroad Co.* v. *Hamilton,* 84 Ark. 81, 104 S. W. 540; *United Order of Good Samaritans* v. *Lomax,* 172 Ark. 350, 288 S. W. 709.

It does not appear that the court abused its discretion in this case. The counsel for appellant, of course, had the right to call attention to the fact that the State's witnesses heard each other testify and heard the witnesses for defendant testify and had a right to argue from that the credibility of the witnesses, but it was improper to state to the jury that the ruling of the court had given the State an unfair advantage, and to persist in that argument after he had been admonished by the court that it was improper. There is nothing to indicate that the trial court abused its discretion, and the judgment of the circuit court is therefore affirmed.