## LINCOLN *v.* FIELD.

### Decided May 9, 1891.

1. *Assignment for creditors—Delivery "forthwith."*

A deed of assignment for the benefit of creditors, which provides that the assignee shall "forthwith" take possession of the property, contemplates a delivery before the bond and inventory of the assignee are filed, and is void on its face, though the bond and inventory were in fact filed before delivery, and though the deed provided that the assignors would, as soon as convenient, make and attach to the deed a complete inventory and that the assignee should dispose of the property "within the time and in the manner provided by the laws."

2. *Assignment—Construction.*

The rule that where two different constructions of an instrument are possible, one of which will uphold and the other avoid it, the former should be chosen, may be resorted to only where its meaning is uncertain, and cannot be invoked, where its meaning is certain, to extend or limit its terms or to import into its provisions matters not incorporated by the parties.

APPEAL from Benton Circuit Court.

JAMES M. PITTMAN, Judge.

Appeal from a judgment sustaining an attachment brought to test the validity of a deed of assignment for the benefit of creditors. It is dated August 9, 1889, purports to be the deed of George T. Lincoln and J. C. Arthur, and conveys all of their partnership property to I. R. Hall, for the benefit of their creditors, with preferences. After describing the property in general terms, but specifying particularly the stock of goods, it provides as follows: "A schedule containing a more particular description of the property herein conveyed will be made out as soon as conveniently can be done by the parties of the first part, and when completed will be annexed to this deed, marked 'Schedule A,' and made a part thereof." The following are the directions to the assignee: "The said

party of the second part shall forthwith take possession of all the estate, property and effects above conveyed and assigned to him, and shall, with all reasonable diligence and within the time and in the manner provided by the laws of the State of Arkansas, sell and dispose of said property."

Upon the trial the circuit court found that possession of the property was not delivered to the assignee until he had filed the inventory and executed the bond required by the statute, but held the deed of assignment void on its face.

*L. H. McGill* for appellants.

No actual fraud having been proved, the court erred in declaring the deed fraudulent in law upon its face. The whole instrument should be considered in determining its meaning. 11 A. & E. Enc. of Law, 513. If considered as a whole the intention of the parties is apparent, it must prevail over the literal interpretation of detached words or phrases. 4 L. R. An., 203, and notes; 1 Wait, Ac. & Def., 116, 117; Bump, Fr. Conv., 366. Where two different constructions are possible, one of which upholds, the other renders it void, the former is to be chosen. 84 N. Y., 368; Bish. on Cont., sec. 392; 3 N. W. Rep., 945. See also, 34 N. W. Rep., 154; 11 N. E. Rep., 386; 12 *id.*, 174; 32 N. Y., 209; 34 Kans., 142; 9 N. E. Rep., 449. "Forthwith" means "within a reasonable time." 67 N. Y., 274; 13 Pac. Rep., 73; 58 Md., 261; 14 Allen, 66. The other stipulations in the deed show that no immediate surrender of possession was intended. Burrill, Ass., secs. 139, 151. The deeds in 47 Ark., 347, and 51 *id.*, 56, contained similar provisions. The word "forthwith" was used without any well-defined purpose, following some precedent, as in Burrill on Ass., pp. 768–9. And this is customary. *Ib.*, pp. 307, 314, 318, 768, 781, 783. The practical interpretation put upon an instrument by the parties, as shown by their acts and conduct, is entitled to great, if not controlling, weight, where there is doubt. 11 A. & E. Enc. Law, 518; Bish. on Cont., sec. 412. By possession is meant actual possession, and not constructive

possession. The deed passes *title* to the assignee and the right to access to it for the purpose of making inventory, etc., but the assignee has no right to the possession until he has filed bond and inventory. 36 Ark., 421 ; 37 *id.*, 64; 24 Fed. Rep., 462. In all the cases heretofore decided by this court and by the federal court the possession was *actually* delivered to the assignee before he filed his bond and inventory, thus violating the statute. In this case, no such possession was either contemplated or given.

HEMINGWAY, J. The determination of this cause depends upon the interpretation of the clause in the deed of assignment containing directions to the assignee. The clause is as follows : " The said party of the second part shall forthwith take possession of all the estate, property and effects above conveyed and assigned to him, and shall, with all reasonable diligence and within the time and in the manner provided by the laws of the State of Arkansas, sell and dispose of said property, * * * and shall dispose of such proceeds when so converted into money in the following manner." As applicable to it, the court made the following declaration of law : " The deed of assignment gave immediate possession to the assignee before bond filed, and upon its face is fraudulent and void as to creditors."

It is conceded that if the deed directed an immediate change of possession, the legal conclusion was right. What was meant by the direction that the trustee should " forthwith take possession of the property and estate conveyed ?" The appellant contends that it meant only that he should take possession within a reasonable time, considering the character and situation of the property and the legal duty imposed upon him in the premises ; and that as the law required him to make and file an inventory and bond before taking possession, the direction should be construed as not providing that the taking of possession should precede the discharge of this duty.

1. Assignment for creditors— Delivery "forthwith "

To sustain his contention he relies first upon what he contends is an accepted meaning of the word forthwith. Webster defines forthwith as meaning " Immediately, without delay, directly," while Worcester gives the same definition, omitting "directly." In this sense if an act is directed to be done forthwith, it seems to exclude the idea of other acts intervening between the direction and its execution. But as some time is necessary to the doing of everything, varying in length with the thing to be done, the word has in law received a more liberal interpretation. Bouvier's definition is, " As soon as by reasonable exertion, confined to the object, it may be accomplished." This seems to be the accepted legal sense of the word. Applying it, how stands the clause under consideration? It will be observed that nothing is said of making an inventory or giving a bond, and that the only thing directed to be done forthwith, and the only object thus to be accomplished, is to take possession of the assigned property ; so it should be construed to require that he take possession as soon as by reasonable exertion he could acquire it, while the right to possession was immediate. The property comprised a stock of goods in a store in the town in which the deed was executed, and by reasonable exertion the trustee might have obeyed the direction before it was possible to have complied with the law.

It is contended that the deed, when looked at as a whole, shows that the grantors intended that possession should be taken after the statutory requirements had been satisfied. We are cited to the provision that the trustee should sell according to law, and should receive such compensation as the court might allow ; and this, it is claimed, shows that no fraud was intended. This might tend to show that there was no actual corrupt intent, but does not show that the parties did not intend what they plainly said—to do an act which the law stamps as fraudulent without regard to intent. The deed recites that the assignors would make and file a complete inventory of the property assigned, and it is

argued that this shows that there was no intention to change the possession until an inventory could be made. The conclusion does not seem a necessary sequence from the fact. The law requires the trustee to make an inventory before he takes possession, and it is sometimes observed ; if he can make an inventory before he acquires possession, the assignor can make one after he parts with possession. So we cannot say from this provision that the parties did not intend that the direction should mean what its terms imply. That they intended what is said, might be inferred from the other part of the same sentence ; for, when fixing the time when possession shall be taken, it says forthwith ; and, when fixing the time when a sale shall be made, it says, with all reasonable diligence and within the time and in the manner fixed by law. It thus appears from the context that a direction to do a thing "forthwith" was not regarded as synonymous with a direction to do it with "all reasonable diligence." The direction is one found in old precedents, formulated at a time when it was held a badge of fraud for the assignor to retain possession after executing the deed, and was intended to accomplish an immediate transfer of the property. We have been able to find nothing in this deed to show that the word was used in a sense different from its earlier uses.

Counsel contends that the ordinary meaning should not be placed upon the word, and relies upon the lawful conduct of the parties under the deed, and further upon the rule that where two different constructions of an instrument are possible, one of which will uphold and the other avoid it, the former should be chosen. But those aids in the construction of an instrument may be resorted to only where its meaning is uncertain, and cannot be invoked, where its meaning is certain, to extend or limit its terms or to import into its provisions matters not incorporated by the parties.

2. Construction of assignment.

We think the deed admits of but one construction, and that one stamps it as fraudulent in law. The judgment is affirmed.