SHUFFLIN *v.* STATE.

Opinion delivered March 13, 1916.

1. CONFESSIONS—ADMISSIBILITY—INSTRUCTION.—It is proper for the court to admit evidence of a confession by defendant in a criminal prosecution, when the court in instructing the jury, properly charges the jury upon what terms they may consider the confession and upon what terms they must reject it, the court having previously passed upon the admissibility of the confession.

2. CONFESSIONS—ACCUSED IN CUSTODY—ADMISSIBILITY.—The mere fact alone that the accused was at the time a prisoner, and made the alleged confession to the officers who had him in custody, does not render the confession inadmissible, although such fact may be considered by the jury in determining whether the confession was voluntarily made.

3. CONFESSIONS—LOCALITY OF STOLEN PROPERTY.—When the confession of a prisoner, as to the locality of stolen property is verified by finding the property where he said it would be found, the confession is admissible in evidence, although induced by threats; but the confession that he stole the property is inadmissible.

Appeal from Miller Circut Court; *Geo R. Haynie,* Judge; affirmed.

*J. M. Carter,* for appellant.

1. Outside of the confessions of defendant there is no evidence whatever to sustain a conviction. The evidence as to the confession was not competent. The so called confession was not free and voluntary. Kirby's Digest, § 2385; 77 Ark. 581.

2. The instructions are erroneous. To warrant a conviction upon an extra judicial confession there must be independent evidence of the crime. 107 Ark. 581. Confessions of guilt to be admissible must be free from the taint of official inducement proceeding from either flattery of hope or the torture of fear. 50 Ark. 501; 74 *Id.* 397; 50 *Id.* 305.

*Wallace Davis,* Attorney General and *Hamilton Moses,* Assistant, for appellee .

1. Appellant's confession was properly admitted. No promise or threat was made nor any inducement of any kind made to elicit the confession. It was properly

submitted to the jury. The discretion of the trial judge in admitting extra judicial confessions will not be disturbed unless clearly abused. Although subject to review, the findings are generally conclusive. 43 S. W. 418; 82 N. C. 631; 74 Miss. 515; 124 Ala. 76; 162 U. S. 613; 28 Ark. 121, 531; 50 *Id*. 308; 74 *Id*. 399. If freely and voluntarily made they are admissible. 73 Ark. 497; 73 *Id*. 407; 94 *Id*. 343; 109 *Id*. 366; 93 *Id*. 156; 121 Ga. 344; 77 Mass. 201; 41 La. Ann. 543; 69 Ala. 159; 85 Mo. 145; 80 N. Y. 484; 14 Ark. 555, 107 *Id*. 568.

2. The confession was authenticated by finding the stolen property. 47 Ark. 174.

3. There is no error in the instructions. 74 Ark. 397; 111 Ark. 463; 72 *Id*. 371; 104 *Id*. 255.

4. The *corpus delicti* was sufficiently established. 84 Ark. 92; 99 *Id*. 455; 73 *Id*. 410; 94 *Id*. 344. The confession was corroborated by sufficient other evidence. *Ib;* 109 Ark. 370; 107 *Id*. 568.

5. The evidence supports the verdict. 109 Ark. 449 and cases cited.

SMITH, J. Appellant was convicted under an indictment charging him with the larceny of a cow and calf, the property of one Charlie Miller, and by this appeal questions chiefly the admissibility of his alleged confession, and the sufficiency of the evidence to sustain the conviction.

(1) The confession was testified to by the sheriff, the jailer, the deputy prosecuting attorney and a constable. These officers testified that the confession was entirely free and voluntary and so, no doubt, they regarded it, yet the circumstances detailed by them are such that the record presents a close question as to its admissibility. It is admitted that appellant was frequently questioned in jail about his connection with this and other larcenies of which he and one John Orr were accused, and that appellant at first denied any knowledge of or complicity in these crimes, or any of them; and it was admitted by these officers that they did finally tell appellant

that it would be better if he "came clean with the truth" and told what he knew; and it is not denied that the deputy prosecuting attorney stated that he would make a recommendation to his principal of clemency if appellant told all he knew. But is was also testified by these officers that appellant had previously told of his own connection with the crime here charged and that, among other things, he had told where the cow and calf could be found, and that the constable went to the place named and found the animals there. It was the theory of these officers that there was an organized band of cattle thieves, and the officers were attempting to induce appellant and the said Orr to divulge all they knew about the operations of the alleged gang of thieves, and their guilt of other crimes than the one charged, of which they were suspected. It appears, however, that these efforts were unavailing and that no additional disclosures were made. At least the jury might have so found the fact to be, and the court submitted to the jury the question whether the confession was voluntary or not. This instruction was as follows:

"There has been some testimony which the court has permitted to go to the jury with reference to an alleged confession by this defendant of the stealing by him of the cow and calf as charged in this indictment. The court has permitted that testimony to go to the jury as the court has already stated to the jury, and you may consider it in the trial of this case for whatever you think it is worth, provided the State has shown, and the burden is on the State to show, these confessions, if any were made by this defendant, were free and voluntary on his part; that is to say, that there were no intimidations made or inducements held out to him by those to whom he is alleged to have made the confession, in the way of promises of reward or immunity from the prosecution or punishment, and that there was no intimidation or threats of any kind made to him to induce him or compel him to make these confessions. If you 'find' that there were any threats or intimidations used, or any

promise made to him of immunity from prosecution, or reduction of punishment, and that these confessions, if any were made, were made by the defendant in view of these promises or these threats, as the case may be, then you can not consider the testimony. Otherwise, you can consider it along for whatever you think it is worth, together with the other evidence in the case.''

Appellant complains of the action of the court in submitting this question to the jury, and says the alleged confession should have been excluded from the jury upon the ground that it was not voluntarily made.

(2) We think the instruction was not an improper one, but that, on the contrary, it was entirely proper to give it. As a preliminary matter the court passed upon the admissibility of the confession, and the jury was permitted to hear the evidence in regard to the circumstances under which the confession was made, and was told to disregard it entirely if they found it was not voluntarily made. The mere fact alone that appellant was at the time a prisoner and made the statement to the officers who had him in custody does not render the confession inadmissible. *Greenwood* v. *State,* 107 Ark. 568. Of course, that was a circumstance which the jury might very properly have considered in determining whether the confession was voluntarily made or not, and one which was, no doubt, called to the attention of the jury by learned counsel. But the record presents this question of fact, and we think the instruction fairly and properly submitted that issue.

It is urged, however, that the instruction should have been so modified as to tell the jury not merely to disregard the confession but to acquit the defendant if it was found that the confession was not voluntarily made. It is said that this is true because there is not sufficient evidence to sustain the conviction aside from the confession.

The evidence may be summarized as follows: Fowler, the constable, who was one of the witnesses to the confession, testified that appellant said the animals would

be found in the possession of one Enoch Green, about sixteen miles from Texarkana, and that they were found in Green's possession. The owner of the property identified the animals so found as being the ones described in the indictment, and that they disappeared about August 1. Green testified that he swapped appellant a horse for the cow and calf, which were delivered to him at his home by appellant about the 1st of August. We think this evidence sufficient corroboration of the confession. Section 2385 of Kirby's Digest; *Ivy* v. *State,* 109 Ark. 449.

(3) Moreover, we are of the opinion that the material part of this confession and the evidence which was most damaging was admissible in any event. This is the evidence which related to the place where the stolen property would be found and the fact that it was found there. The rule as to such evidence is stated in the syllabus to the case of *Yates* v. *State,* 47 Ark. 172, as follows:

"The confession of a prisoner of the locality of stolen property, though induced by threats, is admissible when verified by finding the property where he locates it; and all he says in conveying the information which is directly connected with or explanatory of the discovery is also admissible, but his confession that he stole it is not admissible."

Finding no prejudicial error the judgment is affirmed.