## BRYAN *v.* COMSTOCK.

### Opinion delivered April 12, 1920.

1.  ARREST — UNREASONABLENESS OF ARREST AT NIGHT.—Arrests at night and on Sunday, or on the eve of Sunday, when it is hard to obtain bail are deemed oppressive and unjustifiable, except in cases of necessity.

2.  ARREST—DUTY TO TAKE PRISONER BEFORE MAGISTRATE.—Where a deputy constable arrested defendant at night without a warrant because one of the lights of his motor car which he was driving was not burning, he was bound, at plaintiff's request, to take him before a magistrate immediately, so that the amount of his bail could be fixed, and the officer can not justify his refusal on the ground that the hour was late and the magistrate did not want to be aroused at night.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*Evans & Evans,* for appellant.

1. The evidence was not legally sufficient to send the case to a jury, and the court should, as matter of law under the undisputed facts, directed a verdict for defendant, as defendant was not liable in damages for the arrest. The court erred in refusing the instructions asked by defendant. The common law still prevails here, and a peace officer may arrest without a warrant one who commits a breach of the peace in his presence. 11 R. C. L. 800-801; 62 Ohio St. 500; 78 Am. St. Rep. 738; 3 Cyc. 895-6; 62 Pa. Sup. Ct. 299; 107 Ark. 102; 99 *Id.* 476; Kirby's Digest, §§ 2119-2128, 2130; 67 Am. St. Rep. 398; 208 S. W. 293; 95 Ark. 506.

2. The court erred in giving each of the instructions asked by appellee.

*Sam R. Chew,* for appellee.

1. Appellant's motion for new trial made no objections to the reading of Kirby's Digest, §§ 2121-2130, to the jury. These sections are all relevant and germane to the issue.

2. The instructions given were really more favorable than appellant was entitled to and fully declare the

law. Kirby's Digest, §§ 2730-2734. It was the duty of appellant to inform appellee of his intention to arrest and of the crime or offense charged and not forcibly to carry him to jail. The instructions follow our law and there is no error.

SMITH, J. Appellant was deputy constable of Van Buren Township, Crawford County, and on the night of September 21, 1918, arrested appellee upon the alleged false charge of being drunk, and of running his automobile without headlights, and this suit was brought to recover damages on that account. There was a verdict and judgment for $500, from which comes this appeal.

When appellee was arrested he was carried to jail, and the charge then preferred against him was that of being drunk, but it is not now claimed that he was drunk, and no justification of appellant's action is made on that ground.

It is insisted that appellee violated the statute, which requires that "Every motor vehicle shall carry during the period from sunset to one hour before sunrise, at least two lighted lamps, showing white lights, visible at least 200 feet in the direction toward which each motor vehicle is proceeding, and shall also exhibit at least one lighted lamp, which shall be so situated as to throw a red light, visible in the reverse direction." Section 4, Act 134, Public Acts of 1911, page 94.

It is not denied that the tail light of appellee's car was shining, as was also one of the front lights, but it is said that only one of the front lights was shining and that appellee was, therefore, guilty of a misdemeanor, in that both front lights were not shining. It appears, however, that appellee was tried upon this charge and acquitted, and at the trial from which this appeal comes the jury was told that appellant had the right, and that it was his duty, to arrest appellee, and that he would not be liable in damages for such arrest if appellee "was operating an automobile on the streets or highways without having at least two lighted lamps showing white

lights visible,'' etc. We may assume, therefore, that appellee was not, in fact, guilty of that offense alleged to have been committed in appellant's presence.

According to appellee, the circumstances of his arrest were as follows: He and a young lady, who was his fiance, and who became his wife before the trial in the court below, had read a book upon which a moving picture play was based, which was then being shown in Fort Smith, and they drove to that city for the purpose of seeing the pictures. They arrived somewhat late, and were unable to obtain seats, so they waited for, and attended the second show. Before the show was over they concluded they might be late in reaching the young lady's home, so they left the theater before the performance was ended. In driving to Van Buren from Fort Smith appellee discovered that a car was behind him, and during the trip over he several times drove his car over to the side of the road to permit the other car to pass, but it did not do so. When he arrived in Van Buren he stopped his car for some purpose in front of the courthouse, whereupon appellant, who proved to have been the driver of the car which had followed him, came to his car, and pulled him out of it, and told him he was under arrest. Appellee is hard of hearing, and did not at first understand what was happening, but, when told that he was being arrested, demanded to know the cause, but the requested information was not given him. He asked to be allowed to take the young lady to her home, and asked the officer to accompany him to her home for that purpose, but appellant refused to do so, and proceeded to take appellee to jail, while the young lady was left unattended in the car. Appellee asked the privilege of making bond, and also asked that his father, who was living in Fort Smith, be telephoned, and the 'phone number was furnished for that purpose; but neither of these requests was granted. Upon reaching the jail appellant reported to the jailer that he had a drunken man whom he wanted locked up for the night, and the formal charge against the drunken man would be preferred the following morn-

ing. Appellee was locked in jail, and detained there for from twenty to forty minutes. The jailer knew, when the prisoner's name was furnished, and entered by him on the jail books, that his prisoner was a member of a well-known and respectable family which for many years had resided in that county, and, having some misgivings about what had happened, he reported the occurrence to the sheriff. Fortunately, the sheriff was a man of discretion, and he went at once to the jail, and had appellee released, and carried him to his home, where he spent the night, and the next morning gave him his breakfast, after which appellee and the sheriff set out in search of the automobile, which they found in a garage, where it had been taken by appellant after having put appellee in jail.

Appellant attempted to justify his conduct by stating that the traffic laws both of the State and of the city of Van Buren were being flagrantly violated by many autoists at night, and he had been instructed by the justice of the peace of the township to break up this unlawful practice. The court permitted the introduction of this testimony as tending to show appellant's good faith. Appellant admitted that appellee requested to be allowed to make bail, and that he be carried before the justice of the peace for that purpose; but appellant says he did not comply with the request because the hour was late, and he had been instructed by the justice of the peace not to disturb him, and that if any violators of the law were arrested at night to confine them in jail until the following morning. According to appellee, the arrest occurred about 11 p. m., while, according to appellant, the arrest was made shortly after midnight.

Exceptions were saved to the action of the court in giving, and in refusing to give, different instructions; but all the questions raised are disposed of by the discussion of appellant's instruction numbered 8, which was refused, and appellee's instruction numbered 5, which was given, which instructions read as follows:

"8. The defendant, Bryan, after he arrested the plaintiff without a warrant had no authority to ad-

mit the plaintiff to bail for said offense and was not re-
quired by law to carry the plaintiff instantly to a mag-
istrate at a late hour of the night in order that the mag-
istrate might allow the plaintiff to give bail to answer the
charge for which he had been arrested.''

''V. The defendant, as deputy constable of Van Bu-
ren township, of Crawford County, Arkansas, was author-
ized, under the law, to arrest the plaintiff for any misde-
meanor committed in his presence in the county of Craw-
ford and the State of Arkansas without a writ of arrest,
but upon making his arrest it became and was the duty of
the defendant to take plaintiff before some magistrate and
obtain from the magistrate a warrant of arrest and a writ
of commitment to the county jail in default of bond, the
amount of which said bond to be fixed by said magistrate.
Unless you find from the evidence in this case that this
was done, then you are instructed that the arrest and
imprisonment was illegal and actionable.''

In testing the correctness of the court's action in
refusing one instruction, and in giving the other, it will
be borne in mind that appellee was not drunk, nor in
such condition as to make it probable that he would com-
mit some act of violence, or might disturb the peace, or
be injured himself because of his inability to take care
of himself; nor was any attempt made to show that un-
less appellee was immediately taken into custody he
would depart the jurisdiction and not be present when
his presence was required for trial.

It is because of the contemplation of some one of the
matters just mentioned, or of some reason of a similar
nature, that the law confers upon a peace officer the au-
thority to make an arrest without a warrant when a pub-
lic offense has been committed in his presence. Section
2119, Kirby's Digest. Where a peace officer makes an
arrest, pursuant to the authority of section 2119 of Kir-
by's Digest, it is his duty to carry the person arrested
forthwith before the most convenient magistrate of the
county in which the arrest is made, to the end that ap-
propriate action may be had for granting bail, if the of-

fense charged is bailable, and to make any necessary order in regard to a trial of the charge preferred.  Section 2128 of Kirby's Digest.

The purpose of the statute is to promote the orderly enforcement of the law, and it is not to be assumed that, in giving a peace officer the right to arrest when a public offense is committed in his presence, it was intended to diminish or impair the constitutional right of making bail.

Of course, a peace officer is clothed with certain discretion as to the conditions under which he should make an arrest without a warrant for an offense committed in his presence, and with what expedition he should carry the person arrested before the officer having jurisdiction of the offense.  But here there was no exercise of discretion; rather, there was a very gross abuse of discretion. Appellant stood upon the letter of his legal right to make the arrest, without the existence of any necessity for the strict exercise of that right.  He should, therefore, have given appellee the benefit of the strict letter of his right to be carried forthwith before a magistrate, and the only reason given for denying appellee this right was appellant's unwillingness to disturb the justice of the peace. Under the circumstances stated, this was not a sufficient excuse for subjecting appellee to the humiliation of being arrested and locked in jail.

In 5 C. J. 421, it is said: ''But arrests at night and on Sunday, or the eve of Sunday, when it is hard to obtain bail, are deemed oppressive, and unjustifiable, except in cases of pressing necessity.''

As bearing upon the officer's duty in the circumstances and in the manner of its exercise, see *Sheehan* v. *Holcomb*, 1 Texas Ct. of Appeals 464; *Markey* v. *Griffin*, 109 Ill. App. 212; *Bishop* v. *Lucy*, 50 S. W. 1029; *Moses* v. *State*, 64 S. E. 699; *Linnen* v. *Benfield*, 72 N. W. 1; *Myers* v. *Dunn*, 13 L. R. A. (N. S.) 881; *Wiggins* v. *Norton*, 9 S. E. 607; *Malcomson* v. *Scott*, 23 N. W. 166.

We find no prejudicial error in the record, and the judgment is, therefore, affirmed.