### ALLEN *v*. STATE.

Opinion delivered October 31, 1927.

1. CRIMINAL LAW—ADMISSIBILITY AND WEIGHT OF CONFESSION.—The question whether a confession was freely and voluntarily made, so as to be admissible in a murder trial, is for the court, but the determination of the weight and credibility of such evidence, when admitted, is for the jury.

2. CRIMINAL LAW—VOLUNTARY CONFESSION—INVASION OF JURY'S PROVINCE.—Where, in a murder trial, the court admitted a confession of the defendant, it was error for the court to state in the

jury's presence that the confession was made without any threats or any hope of reward, where there was a conflict of testimony on that point.

3.  CRIMINAL LAW—OBJECTION NOT PRESERVED IN MOTION FOR NEW TRIAL.—Where, in a murder trial, the court erred in making certain statements relative to the manner in which the confession had been obtained, but the defendant's motion for new trial did not preserve such matter as error, the error was thereby waived.

Appeal from Calhoun Circuit Court; *L. S. Britt,* Judge; affirmed.

*J. S. McKnight,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

MEHAFFY, J. The appellant was indicted by the grand jury of Calhoun County at its July term, 1927, accused of the crime of murder by killing Lucius Dunn, was tried, convicted of voluntary manslaughter, and sentenced to a term of seven years in the penitentiary. He thereafter filed a motion for a new trial, which was overruled, exceptions saved, and to reverse this judgment he prosecutes this appeal.

Lucius Dunn was killed and his body buried, and a few days later discovered. Appellant had been arrested and charged with the crime before the body was discovered.

Appellant states in his brief: "The only matter we wish to present to the court is raised on the question of the insufficiency of the testimony to sustain the verdict, and the errors in the admission of certain evidence and the exclusion of other evidence at the trial." Appellant also states: "If the confession was voluntarily made and properly admitted as evidence in the trial, then it is sufficient to sustain the verdict." It therefore becomes unnecessary to set out any of the evidence except the evidence of the confession, because, as appellant himself states, if properly admitted, it is sufficient to sustain the verdict.

C. I. Abbott, the sheriff of Calhoun County, testified that he arrested the defendant and put him in jail;

that he talked with him, but did not threaten, hit or strike him, did not intimidate him nor hold out any hopes of reward to him.   He made his statement to the sheriff the first night he was arrested.   Witness testified that appellant talked freely and voluntarily, and appellant told witness that the last time he saw Lucius Dunn was when they crossed the water and Lucius left him in front of John Neeley's.   He never changed his statement until the body was found.   Appellant knew that he was sheriff, and had known him all his life.   The sheriff talked to the appellant several times, and one time in the vault of his office, about 10 or 11 o'clock.   There were present the prosecuting attorney and Mr. Plunkett.   That was the day they carried him to Camden.   He talked to him again about 6 o'clock, and then again on the courthouse steps. Appellant then told witness that he wanted to talk to him, and told him that he killed Lucius Dunn.

On cross-examination witness said that, during the time he kept appellant in jail, he talked to him five or six times.   Brought him out once at night, once carried him up to the prosecuting attorney's office, and once talked to him in the dark.   There were then present Neill Dunn, Darnell, Jim Dunn and Mr. Plunkett.   Neill Dunn is a brother of Lucius Dunn, Jim Dunn is his father, and Darnell is his brother-in-law.   That he put one Foster in the cell with defendant.   Foster suggested that he be put in the cell with the defendant.   The sheriff thought that he could get some information that would help in running down the crime.

On redirect examination the witness testified that appellant told him about going in a boat with Lucius; that deceased claimed to have some whiskey, but, when they got there, it was gone.   That deceased got mad, cursed him, and drew a knife on him, and that appellant picked up a boat paddle and kept him off.   Then the deceased picked up a paddle and started towards appellant, and appellant told him if he did not stop he would shoot him, and that Dunn came on, and he shot him, and

he fell in the water, and that appellant caught him by the overalls and dragged him to the bank, and that he left him there dead, and went to Neeley's place, and stayed until that night at 11 o'clock, at which time he returned and buried him. He told about the manner of burying him, and then went to the sheriff's office, and called the prosecuting attorney, and he made the same statement as to how he killed Dunn.

Witness said he did not let defendant's attorney talk to him until after the prosecuting attorney had talked to him, but after the prosecuting attorney talked to him he let his attorney talk to him. It was after that that he confessed. Witness refused to let appellant talk to his father or his attorney until after he had talked to the prosecuting attorney; kept him in jail from Friday until Sunday before he would let him talk to his father or his attorney. Both the defendant and his father were insisting all the time that he had the right to talk to his lawyer. That he let him confer with his attorney after that, any time he asked to. Carried appellant to Camden and placed him in charge of the police department. The prosecuting attorney and Mr. Darnell, Lucius' brother-in-law, went with them. Had kept the prisoner over 35 days when he brought him into the prosecuting attorney's office, and appellant insisted that he was innocent. Neill Dunn called him a damn liar. Neill got mad and talked rough and loud. Neill weighs about 220 pounds, and is 42 years of age. Defendant is about 19 or 20 years of age, and weighs about 120 pounds.

M. C. Darnell, a brother-in-law of the deceased, talked to witness, and said no one threatened him nor used violent language toward him, nor offered any promises or hope of reward. Witness did not at any time threaten him nor hear any one else threaten him or offer him any hope of reward. Does not know what others said to him. Does not know how long he had been in jail, but he told witness about killing Dunn. Said he did the job solely by himself. This witness is a special

agent for the T. P. Railroad, and his business is investigating crimes. Was not present when Neill Dunn cursed appellant. Witness is 40 years old, and weighs about 190 pounds. He is 6 feet 1 inch high. Had talked to the appellant one time before he confessed.

Abbott, the sheriff, was recalled, and testified to further conversations, and other witnesses testified. All of them stated that no threats were made, and no promises.

We deem it unnecessary to set out other evidence.

Appellant's first contention is that the confession should not have been admitted, and that without it there was no evidence to support the verdict.

If the confession was freely and voluntarily made, it was admissible; otherwise it was not admissible. This court has many times held that confessions of guilt, to be admissible, must be free from taint of official inducement proceeding either from hope of gain or torture of fear. When improper influences have been used to obtain a confession, the presumption arises that a subsequent confession of the same crime flows from that influence.

This court has held that the question of the admissibility of a confession is a question for the court. The court determines whether the confession was freely and voluntarily made, and if, in the opinion of the court, it was so made, it is admitted in evidence. Its determination of this question, however, is solely for the purpose of passing on its admissibility, and when it has been admitted in evidence it is then a question for the jury. If the court determines that the confession was freely and voluntarily made, without promise or threat, even though made to the sheriff while he was under arrest, it is competent evidence. *Myer* v. *State,* 19 Ark. 156; *Youngblood* v. *State,* 35 Ark. 35; *Wallace* v. *State,* 28 Ark. 531. In this case all of the witnesses testify that there were no threats and no promises made, and we think the court was justified in admitting the confession, notwithstanding the presence in a dark room of the sheriff, prosecuting attorney and relatives of the deceased.

This court has uniformly held that the trial court determines the admissibility of the evidence, and this is the province of the court, although there may be conflict in the testimony as to whether there were promises or threats. In fact, there is no conflict in our decisions with reference to this question.

This court has said: "The judge must pass upon any question involving the competency of witnesses and the admissibility of the evidence offered, but it is for the jury to pass upon the weight of the evidence and the credibility of the witnesses." *Paxton* v. *State,* 114 Ark. 393, 170 S. W. 80, Ann. Cas. 1916A, 1239.

It was therefore proper for the court to pass upon the admissibility of the confession, and the province of the jury to determine its weight and credibility. It was the province of the jury to determine whether it was made voluntarily and freely or whether there were any promises or threats.

"There being a conflict in the evidence as to whether the statement was voluntarily made, the trial court admitted it, over the objection and exception of appellant. * * * We think, under the principle announced in the case of *Henry* v. *State,* 151 Ark. 620, 243 S. W. 70, it was proper to admit the statement, with the restrictions contained in the court's 7th instruction. In the case referred to the court said: 'The testimony was sufficient to justify the court in submitting it to the jury, but appellant, as before stated, had a right to have the jury consider the question whether or not it was a confession voluntarily made.' *Hughes* v. *State,* 154 Ark. 621, 243 S. W. 70.

It was proper for the court to admit the confession, but as to whether it was freely and voluntarily made should have been submitted to the jury without any comment from the court, without any statement from the court that would indicate what the court thought about it being voluntary or not.

The appellant's next objection is to the following statement made by the court: "The objection and motion

is overruled for the reason that no showing has been made that any threats were made or any hope of rewards given.'' Appellant was insisting that the court exclude certain testimony, and the court, in the presence of the jury, made the statement above set out.

As we have already said, it was the province of the jury and not the court to determine whether there were any threats made or any promises or any inducement, and this remark of the court was improper and invaded the province of the jury. This error, however, was waived by the appellant, who does not preserve this objection in his motion for a new trial.

In speaking of an objection urged in this court, the court said: ''With regard to this, it need only be said that it was not made one of the defendant's grounds for a motion for a new trial. It is well settled in this State that error cannot be predicated on rulings of a trial court which were not assigned as erroneous in defendant's motion for a new trial.'' *Lambden* v. *State,* 150 Ark. 580, 234 S. W. 987.

Again: ''Moreover, the action of the court in this respect was not made one of the grounds in defendant's motion for a new trial. An exception to the admission of the testimony which is not brought forward in the motion for a new trial will not be considered on the appeal.'' *Gooch* v. *State,* 150 Ark. 269, 234 S. W. 33, 35; *Freeman* v. *State,* 150 Ark. 387, 234 S. W. 267.

It would serve no purpose to call attention to additional cases holding that, unless appellant's motion for a new trial contains the objection, it cannot be considered here. We have carefully examined the record, and find no error other than the one to which we have called attention, and, as we have already said, appellant's motion for a new trial does not contain this objection, and the judgment is therefore affirmed.