STATE *v.* BROWNING.

4350                                                          178 S. W. 2d 77

Opinion delivered February 7, 1944.

*Guy E. Williams,* Attorney General, and *Oscar E. Williams,* Assistant Attorney General, for appellant.

*Sam Robinson* and *Howard Cockrill, amicus curiae.*

*Fred A. Isgrig* and *Jno. S. Gatewood,* for appellee.

HOLT, J. William V. Browning was charged in an indictment with murder in the first degree. Upon a trial, a jury acquitted him of the charge.

During the progress of the trial, counsel for the state offered, in evidence, an alleged confession of the accused. The defense objected to its introduction, whereupon the court, in keeping with the practice, retired from the hearing and presence of the jury and heard testimony of various witnesses to determine the admissibility of the confession. After hearing and considering this testimony, the trial court held the confession inadmissible for two reasons. One, that it was admittedly procured from the defendant while he was being held in custody-by the officers without a warrant, and before he had been taken before a committing magistrate or a judicial officer having jurisdiction to commit him, and two, because the confession was not voluntarily made.

At the instance of the Attorney General, proceeding under the authority granted him under §§ 4253-4254 of Pope's Digest and former decisions of this court, *State v. Smith,* 94 Ark. 368, 126 S. W. 1057; *State v. Spear and Boyce,* 123 Ark. 449, 185 S. W. 788, and *State v. Massey,* 194 Ark. 439, 107 S. W. 2d 527, an appeal has been prosecuted to this court for the sole purpose of obtaining from this court a decision governing the admissibility of con-

fession testimony in the courts of this state in criminal trials, in circumstances such as are presented here.

### 1.

The defendant successfully maintained in the court below and argues here, on appeal, that the confession was properly excluded when it appeared that it had been obtained from the accused at a time when he was being held in custody without a warrant and before he had been carried before a committing magistrate. This contention was based upon the recent holding of the Supreme Court of the United States in the case of *McNabb* v. *United States*, 318 U. S. 332. We do not think, however, that the decision in the McNabb case controls here.

In the instant case, the accused, Browning, was taken in custody without a warrant, on a Saturday morning, between 11 and 12 o'clock, and after being questioned at intervals at state police headquarters in the city of Little Rock, he confessed to the commission of the crime about 6 o'clock in the afternoon of the same day, and immediately thereafter, the confession was reduced to writing. He was not carried before a committing magistrate until the following Monday morning.

In the McNabb case, there was involved the construction of federal statutes having to do with criminal procedure in federal courts. There, an accused, while being held by federal officers without a warrant, and before being taken before a committing magistrate, confessed to the crime of which he was accused, and the U. S. Supreme Court held the confession inadmissible in evidence, because the accused had not been taken before some committing authority before the confession was made, contrary to the provisions of the federal statutes which, in effect, require arresting officers to take any person arrested immediately before a committing magistrate. In that case, it was expressly stated by the court, that the decision applied only to criminal procedure in federal courts and was not based upon the constitutional guarantees contained in the 5th and 14th Amendments to the Constitution of the United States. In this connection,

the court said: (Pages 585-87) "Quite apart from the Constitution, therefore, we are constrained to hold that the evidence elicited from petitioners in the circumstances disclosed here must be excluded. . . . In holding that the petitioners' admissions were improperly received in evidence against them, and that having been based on this evidence their convictions cannot stand, we confine ourselves to our limited function as the court of ultimate review of the standards formulated and applied by federal courts in the trial of criminal cases."

It has long been the settled rule that state courts are not bound by the rules of procedure in federal courts on the question of the competency or incompetency of evidence. For example, federal courts hold evidence obtained through an illegal search warrant, or without a search warrant, inadmissible, while this court has always held such testimony competent and admissible. We think this announced rule on the admissibility of evidence in search and seizure cases, which has always been followed in this state, should and does apply in the instant case.

In *Venable* v. *State,* 156 Ark. 564, 246 S. W. 860, this court held: (Headnote 4) "Evidence procured through the means of a search warrant is admissible in a criminal case, regardless of the validity of the warrant," and in *Woolem* v. *State,* 179 Ark. 1119, 20 S. W. 2d 185, this court said: "Even though the warrant were illegally issued and void, evidence discovered by the search, tending to show appellant's guilt, was admissible under the rule announced by this court in *Starchman* v. *State,* 62 Ark. 538, 36 S. W. 940, and reiterated and adhered to in the cases of *Benson* v. *State,* 149 Ark. 633, 233 S. W. 758; *Van Hook* v. *Helena,* 170 Ark. 1083, 282 S. W. 673; *Knight* v. *State,* 171 Ark. 882, 286 S. W. 1013; *Milton* v. *Fort Smith,* 175 Ark. 694, 1 S. W. 2d 45. Under the doctrine of all of these cases the admissibility of such evidence is not affected, by the fact that the search warrant was illegally issued, or the officers making the search had no warrant at all and were trespassers." See, also, *Woodson* v. *State,* 176 Ark. 153, 2 S. W. 2d 1108.

In Wharton's Criminal Evidence, Vol. 2, 11th Ed., p. 1023, § 610, the writer says: "The mere fact that a

confession is made while the maker is in the custody of a police officer, or even while confined under arrest, is not sufficient of itself to affect its admissibility, providing that it is otherwise voluntarily made. This rule pertains equally whether the arrest is legal or illegal." In support of the text, cases from twenty-four states, including Arkansas, are cited.

In Underhill's Criminal Evidence, 4th Ed., § 266, this language is used: "A confession need not be spontaneous. Where there is no compulsion, a confession not under oath is not involuntary merely because it was made to a prosecuting attorney after questioning. . . . A confession is not involuntary merely because it was made to an officer while under arrest or in custody . . . after long and continuous questioning. . . ," and Chief Justice ENGLISH, speaking for this court in *Young-blood* v. *State,* 35 Ark. 35, said: "The statements appear to have been voluntarily made, and though made to officers, when appellant was in custody, they were properly admitted in evidence."

In *Davis* v. *State,* 182 Ark. 123, 30 S. W. 2d 830, this court said: "Statements in the nature of a confession are not to be excluded for the reason only that they were made to an officer having the accused in custody, and, if Long voluntarily made these statements to, or in the presence of, the witness Hendricks, there is no reason why he should not have been allowed to testify concerning them."

While § 3729 of Pope's Digest provides that "Where an arrest is made without a warrant, whether by a peace officer or private person, the defendant shall be forthwith carried before the most convenient magistrate of the county in which the arrest is made, etc.," we find no statutory provision which provides that confessions obtained from an accused before commitment, are inadmissible in evidence for this reason, and we think the better rule to follow is that which seems to have been adopted by most of the states and that is, to make the test of the admissibility of a confession depend not upon when it was made but upon whether it was voluntarily

made, and when such statements or confessions have been voluntarily made, they cannot be rejected because made before commitment, but that the fact of arrest or confinement before arraignment is a circumstance which goes to the question of voluntariness.

Professor Wigmore, in his excellent work on Evidence, 3rd Ed., § 851, says: "In the first place, an innocent person is always helped by an early opportunity to tell his whole story; hundreds of suspected persons every day are set free because their story thus told bears the marks of truth. Moreover, and more important, every guilty person is almost always ready and desirous to confess, as soon as he is detected and arrested. This psychological truth, well known to all criminal trial judges, seems to be ignored by some Supreme Courts. The nervous pressure of guilt is enormous; the load of the deed done is heavy; the fear of the detection fills the consciousness; and when detection comes, the pressure is relieved; and the deep sense of relief makes confession a satisfaction. At that moment he will tell all, and tell it truly. To forbid soliciting him, to seek to prevent this relief, is to fly in the face of human nature. It is natural, and should be lawful to take his confession at that moment—the best one."

We hold, therefore, that the trial court erred in holding the confession inadmissible on the ground that it was obtained before the accused had been arraigned before some committing authority, and that the decision in the McNabb case is not binding or controlling here.

### 2.

Was the confession voluntarily made? We think it was. After a careful review of all the testimony presented to the trial court beyond the presence and hearing of the jury, as to the circumstances under which the confession was made to determine whether the confession was voluntarily made, we think that practically all of the testimony shows that it was a voluntary confession. The officers who procured the confession and those before whom it was made, including the testimony of Freeda

Thompson, the court reporter who transcribed the confession, all testified that the confession was freely and voluntarily made by the accused, that he was not abused, coerced or mistreated, no promises made to him or hope of reward held out to induce him to confess, and that from the time of his arrest until the confession was obtained, he was treated with kindness. The accused did not take the stand to deny the testimony of the witnesses offered on behalf of the State on this question of voluntariness.

In these circumstances, under our long established rule, the State assumes the burden of showing that the confession was voluntarily made and when the State has met this burden, even in cases where the evidence may be conflicting or doubtful, it is the duty of the trial court to submit the question of voluntariness, under proper instructions, to the jury for its determination.

In *Burton* v. *State,* 204 Ark. 548, 163 S. W. 160, this court said: "We have frequently defined the practice where it is contended that a confession offered in evidence was not freely made. This practice is for the court to hear, as a preliminary matter, in the absence of the jury, testimony as to the circumstances under which the confession was made, and to exclude it from the jury if it were not freely made. If, however, there is an issue of fact as to whether the confession were freely made, that question should be submitted to the jury after having heard the testimony as to the circumstances under which it was made, and the jury should be told to disregard the confession if it were found not to have been voluntarily made," and in *Nelson* v. *State,* 190 Ark. 1078, 83 S. W. 2d 539, this court held that the trial court should not permit the jury to hear the confession should it appear that the confession was obtained through duress, but this court then said: "If the testimony leaves in doubt the question whether the confession was freely and voluntarily made, that question should be submitted to the jury." See, also, *Austin* v. *State,* 193 Ark. 833, 103 S. W. 2d 56, and *Allen* v. *State,* 175 Ark. 264, 298 S. W. 993.

In *Shufflin* v. *State,* 122 Ark. 606, 184 S. W. 454, this court said: "The mere fact alone that appellant was at the time a prisoner and made the statement to the officers who had him in custody does not render the confession inadmissible. *Greenwood* v. *State,* 107 Ark. 568, 156 S. W. 127. Of course, that was a circumstance which the jury might very properly have considered in determining whether the confession was voluntarily made or not, etc."

As we have indicated, we think under the facts disclosed by this record, the court erred in refusing to permit the confession to go to the jury under proper instructions.

In short, we hold that the admissibility of confession testimony depends upon its voluntariness. If the confession be voluntary, it should be admitted in evidence. If not voluntarily made, it should be excluded. If the evidence surrounding the procurement of the confession is conflicting or doubtful on whether it was voluntarily made, then it is the duty of the trial court to submit that issue to the jury under proper instructions. The fact that the confession was obtained while the accused was being held without a warrant, and before he had been carried before a committing magistrate, does not of itself make the confession inadmissible, but is a circumstance, along with all the other facts and circumstances under which the confession was made, to be taken into consideration by the jury in determining its voluntariness.

McFADDIN, J., (concurring). The majority opinion discusses two issues, being: (1) the case of *McNabb* v. *United States,* 318 U. S. 332, 63 S. Ct. 608, 87 L. Ed. 819, and (2) "was the confession voluntarily made?" I concur with the majority on the first issue; and consider the second issue as not properly presented for decision.

I. The McNabb case.

The circuit court declared that the McNabb case *(supra)* was ruling and binding in Arkansas, and used that case as the reason for excluding the confession of Browning. The McNabb case involved the construction of a federal statute having to do with criminal procedure

in federal courts, and is not ruling and binding in Arkansas; and the learned circuit court was in error in so holding.

Sooner or later the United States Supreme Court may be asked to extend the holding of the McNabb case to every case where the defendant claims the benefits of the fourteenth amendment to the Constitution of the United States. When that question is decided by the United States Supreme Court it will be time enough for the Arkansas Supreme Court to consider changing our holding on this point to conform to the federal holding. If the rule in the McNabb case is so extended by the United States Supreme Court to apply to any case where the fourteenth amendment is invoked, then will be the proper time for us to review our holdings on the search warrant cases. I prefer to leave that matter open until we are under the imperative duty of deciding it.

II. "Was the confession voluntarily made?"

I consider this question improperly injected into this appeal. Section 4254 of Pope's Digest, in specifying how and on what questions the state may appeal, says: "If the Attorney General, on inspecting the record, is satisfied that error has been committed to the prejudice of the state, and upopn which it is important, to the correct and uniform administration of the criminal law, that the Supreme Court should decide, he may, by lodging the transcript in the clerk's office of the Supreme Court within sixty days after the decision, take the appeal."

The Attorney General has listed and discussed only one question in his brief, and that is in the following language:

"This ruling and finding of the court set up a new and another rule in this state which action constituted error.

"It attempts to follow the rule recently announced by the United States Supreme Court, decided March 1, 1943, and to be found in 87 L. Ed. 819, where it is held that if the confession was obtained before the accused

was taken before a magistrate it was not admissible. Herein lies the error of the court below.''

It was in the brief of the *amicus curiae* that there was injected into this case the question of the voluntariness of the confession. Only the Attorney General could have raised that question, and he did not do so—and probably for the good and sufficient reason that this court has repeatedly held that it will not review a question of fact on a state appeal in a criminal case. See West's Arkansas Digest, ''Criminal Law,'' § 1024 (5) for cases in point. The Attorney General very properly presented only the question of law (the McNabb case) and did not encumber the record with a fact question.

I consider the voluntariness of the confession as not presented in this case, and beyond the scope of review by this court, and the opinion of the majority on that matter to be *dicta*.

ROBINS, J., (dissenting). I respectfully dissent from the majority opinion in this case.

It is conceded that Browning was taken into custody by officers without a warrant of arrest, that he was not carried by them before a magistrate, and that he was, after being arrested, detained by the officers in a room in the old penitentiary building at Little Rock, which seems to have been specially prepared for what is euphemistically called ''questioning'' of suspects. At the end of constant grilling by officers in relays for about nine hours Browning is said to have made the confession, the admissibility of which is involved herein.

Section 3729 of Pope's Digest of the laws of Arkansas provides: ''Where an arrest is made without a warrant, whether by a peace officer or private person, the defendant shall be forthwith carried before the most convenient magistrate of the county in which the arrest is made, and the grounds on which the arrest was made shall be stated to the magistrate. . . .''

Now what did the legislature mean when it ordered that a person arrested without a warrant should be taken ''forthwith'' before a magistrate? Did the legis-

lature intend that the officer might detain or confine the arrested person until such time as the officer might deem it proper to take the accused before a magistrate?

In Webster's New International Dictionary this definition of "forthwith" is given: "Immediately; without delay; directly; hence, within a reasonable time under the circumstances of the case; promptly and with reasonable dispatch. . . ."

The meaning of ".forthwith," as used in an assignment for the benefit of creditors, was considered by this court in the case of *Lincoln* v. *Field,* 54 Ark. 471, 16 S. W. 288. The lower court had held that the word "forthwith" was synonymous with the word "immediately," and the holding of the lower court was sustained by this court, which quoted with approval Bouvier's definition of "forthwith": "As soon as by reasonable exertion, confined to the object, it may be accomplished."

The duty of an officer who makes an arrest without warrant was clearly defined by us in the case of *Bryan* v. *Comstock,* 143 Ark. 394, 220 S. W. 475, 9 A. L. R. 1346. In that case it appeared that Bryan, a deputy constable, had arrested Comstock, without a warrant, about 11 o'clock on Sunday night, for violating a traffic law. Instead of carrying Comstock before a magistrate, Bryan placed him in jail, where he remained for about forty minutes before he was released. Comstock sued Bryan for damages for false imprisonment and recovered judgment for $500 in the lower court. Bryan contended that, on account of the lateness of the hour and the fact that it was Sunday night when the arrest was made, he was not obliged to carry Comstock "forthwith" before a magistrate. This court, however, refused to allow this as an excuse for disobedience by the officer of the plain provisions of the law, and affirmed the judgment against Bryan.

By § 8 of art. II of the Constitution of Arkansas it is provided that no person shall "be deprived of . . . liberty . . . without due process of law." And by § 21 of the same article this additional guaranty is given: "No person shall be taken or imprisoned . . . except

by the judgment of his peers or the law of the land.'' This latter section of our constitution was taken almost verbatim from the Magna Charta, great bulwark of liberty among English speaking people since June 15, 1215, when a wicked and tyrannical king was brought to bay by his people and forced to covenant that ''no freeman shall be taken or imprisoned . . . but by lawful judgment of his peers, or by the law of the land.''

Similar provisions forbidding the unlawful taking or detention of citizens are found in the fifth and fourteenth amendments to the Constitution of the United States.

Browning's detention was in violation of his rights under the constitution and statutes of this state. This is not seriously disputed, but it is argued that this did not render inadmissible the confession obtained from him as a result of his illegal confinement. To sustain this contention, cases heretofore decided by this court holding, in effect, that evidence illegally obtained may nevertheless be used in criminal prosecutions are cited. Those cases relate to illegal searches and seizures by officers and the use of evidence thereby obtained. A distinction between using as evidence in court contraband articles illegally seized by officers and using a confession made by an accused person while being illegally confined might well be made. Certainly, there is a difference in the degree, if not in the quality, of the wrongs committed by the officers in the two instances; but, in my view, no such distinction ought to be made. The violation of the law by the officer, the trespass on the fundamental rights of the citizen, should in each case stamp the transaction as illegal throughout and deny to the state the right to use against the accused evidence obtained solely by a defiance of the law on the part of the state's representative. From a grievous wrong, no right adverse to the wronged person ought to arise. And the law, when a trespass has been committed by an officer against a citizen in a case of this kind, ought to restore, as far as possible, the parties to the respective positions occupied by them before the wrong was done. The citizen whose security of

person or property, guaranteed to him under the constitution, has been invaded ought to have his liberty, or his property, as the case may be, restored to him, and the state, whose officers committed the wrong, should be deprived of any offensive weapon against the offended citizen, by way of evidence, that may have been obtained by or as a result of the wrongdoing of the officers. To allow any other outcome of the matter is simply to put a premium upon grave misconduct by those whose official oaths require them to protect, not to oppress, the citizen.

If the previous decisions of this court can be said to authorize the use of a confession obtained during illegal detention of an accused person, such decisions ought to be overruled now. They relate only to procedural matters and cannot be held to be rules of property. Certainly there is no sort of vested right on the part of the state in erroneous judicial decisions which permit violation of the constitutional and statutory rights of the citizen.

The ruling of the Supreme Court of the United States in the case of *McNabb* v. *United States,* 318 U. S. 332, 63 S. Ct. 608, 87 L. Ed. 819, not being based upon the fourteenth amendment to the federal Constitution, is, of course, not binding upon us. But the federal statute upon which that decision was based, the statute requiring that an accused person arrested by a federal officer be taken before a commissioner (a magistrate), is similar in substance to our statute (§ 3729) quoted above. The opinion in the McNabb case was based on facts as to the confession much like those shown in the case at bar. I can find no satisfactory answer to the reasoning by which Mr. Justice Frankfurter, speaking for the court, arrived at the conclusion in that case that the confession of McNabb ought not to have been received in evidence.

Of course not every confession made to an officer before the accused person is taken before a magistrate should be rejected. An accused person, while he is being arrested, or while he is being taken before a magistrate, or afterwards, may rightfully be questioned by officers, and no good reason exists for excluding what is said by

the defendant under such circumstances, unless the statement of the accused is induced improperly by coercion, threats or promises. But when the arresting officer deliberately flouts the law and, instead of taking the defendant forthwith before a magistrate, as the law says he shall do, carries the defendant to some secret place, holds him incommunicado, and by means of and as a natural result of this illegal detention obtains a confession, such confession, in my opinion, is so tainted with illegality as to require its exclusion.

I am authorized to state that Mr. Justice KNOX joins in this dissent.