STATE of Arkansas *v.*
Charles Ray ANDERSON, Jr.

CR 84-215                    683 S.W.2d 897

Supreme Court of Arkansas
Opinion delivered February 4, 1985

*Steve Clark,* Att'y Gen., by: *Velda P. West,* Asst. Att'y
Gen., for petitioner.

No brief filed by respondent.

PER CURIAM. Ordinarily, we only grant petitions for
review of decisions by the Court of Appeals on the ground
that the decision involves a legal principle of major impor-
tance when the party seeking review filed a motion for
certiorari before the case was submitted to the Court of
Appeals. Ark. Sup. Ct. R. 29 (6). No such motion was made
by the state in this case, but we grant review for three reasons.

First, the Court of Appeals was divided on whether this
case should have been referred to us. The case does concern a
question of major importance: the changing law of search
and seizure. We are responsible for making certain that law
is understood and correctly applied in this state. Two recent
United States Supreme Court cases change that law, and we
must reconcile our decisions with those changes. *United*

*States* v. *Leon,* ___ U.S. ___ , 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); *Massachusetts* v. *Sheppard,* ___ U.S. ___ , 104 S.Ct. 3424, 82 L.Ed.2d 73 (1984).

Second, the Court of Appeals had the problem of choosing whether to follow those decisions or our Rules of Criminal Procedure, which no doubt now need review.

Finally, as the petitioner points out, those United States Supreme Court decisions were not rendered until after the state filed its brief. At that point it was considered too late to ask the Court of Appeals to certify this case. In our judgment the state could not have anticipated the importance of the issue prior to the recent decisions.

Review granted.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. This petition for review has been accepted in spite of the fact that no motion for transfer was filed in the Court of Appeals pursuant to Ark. Sup. Ct. R. 29 (6). Rule 29 (6) states in part:

[N]o petition for review on the ground that the case involves an issue of significant public interest or a legal principle of major importance, as specified in subparagraph 4 (b) of this Rule, will be considered unless the party petitioning for review filed in the Court of Appeals, before the submission of the case to that court, a motion asking that the case be certified to the Supreme Court on that ground, with a certificate of counsel that the motion is filed in the good faith belief that the case should be so certified.

If this court intends to follow the lead of the Supreme Court of the United States in reevaluating the Fourth Amendment to the United States Constitution, it should wait for a proper case. Article 2, section 15 of the Constitution of Arkansas is an almost exact duplication of the Fourth Amendment to the Constitution of the United States and we are bound by oath to uphold it. There is nothing in either

the United States Constitution or the Constitution of Arkansas which even hints at the idea that an illegal search and seizure is legal if the parties issuing and executing the warrant act in "good faith." How many officials do you suppose are going to authorize or conduct a search and/or seizure in "bad faith?" None, of course, because now, if we adopt the reasoning in *United States* v. *Leon,* ___ U.S. ___ , 104 S. Ct. 3405 (1984), all searches and seizures authorized and executed in good faith will be legal.

This case has been considered by the Court of Appeals and it, on its own volition, decided the case was not one to be certified to us on grounds that it was of significant public interest or concerned a legal principle of major importance. Whether we are bound by the decisions of the United States Supreme Court depends upon the case. We are not bound by the *Leon* opinion. "It has long been the settled rule that state courts are not bound by the rules of procedure in federal courts on the question of the competency or incompetency of evidence." *State* v. *Browning,* 206 Ark. 791, 178 S.W.2d 77 (1944). In *Browning* we further stated: "We think this announced rule on the admissibility of evidence in search and seizure cases, which has always been followed in this state, should and does apply in the instant case." Now that the shoe has shifted to the other foot, are we going to change the tune? If the rule has always been followed in this state it should not be changed now.

Fundamental fairness requires us to reject this petition. Simply put, the state is asking for a second appeal after losing one. This court has many times said that one fair appeal is all a party is entitled to. Are we going to change that too?

I would deny the petition.